## (January 25, 1940.)

In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by DAVID LEVINE, against ALUMINUM COOKING UTENSIL Co., INC., Appellant.
FRIEDA S. MILLER, Industrial Commissioner of the State of New York, Respondent.

Claimant entered into a written contract with appellant to act as a distributor of appellant's goods. The claimant agreed to begin his efforts to sell the goods at

once, not to requisition them from appellant unless he had received actual orders, to assume responsibility for expense in connection with certain kinds of orders, to make a report each week of his activities, to give a bond and upon discontinuance of the contract to account for deposits received by him on goods undelivered. The contract provided that the company reserved no direction or control with respect to his activities other than the right to question the sufficiency of the results accomplished as measured by the requirements of the contract. Claimant was an independent contractor and not an employee.

Determination reversed and claim dismissed, with costs to appellant against the Industrial Commissioner.

Hill, P. J., Crapser, Bliss and Schenck, JJ., concur; Foster, J., dissents, in an opinion.

Foster, J. (dissenting). The relationship between claimant and appellant was established by written agreement. The decision of the Board appears to have been based almost completely upon the terms of the agreement, although testimony was taken and furnishes some factual basis for consideration.

Under the agreement claimant was to sell appellant's products upon a commission basis, and in certain instances to collect a deposit of not less than twenty per cent, nor more than twenty-five per cent, of the retail amount of each order. He was given a specified territory, furnished a sample outfit, and required to make weekly reports. Unless he averaged weekly sales in the amount of $150 at retail prices the appellant had power to terminate the contract. Claimant was obliged to begin work at once and his failure to do so forfeited his right to the territory unless an extension of time was procured.

The agreement further provided that the appellant did not reserve any direction or control with respect to claimant's activities, other than the right to question the sufficiency of the results accomplished by claimant as measured by the requirements of the contract. This provision is somewhat inconsistent with the provision requiring claimant to make weekly reports upon forms prescribed by the company. On these reports he was required to furnish information as to his daily activities such as the number of service calls made on each day, the number of bride-to-be calls, the number of test meals, the number of parties arranged, conducted, and the number of homes represented, the number of times samples were shown and the number of sales made, and in addition the number of hours worked. It would be naive to assume that this information was required for statistical purposes alone. Certainly the effect of this requirement must have been to give appellant some control over claimant's daily activities, and tended to limit his complete freedom of action and judgment. For the failure to comply with this requirement appellant might terminate the contract.

This requirement is, I think, the determinative element as to the nature of the relationship. It has been held that one who does work for another under a contract is an independent contractor rather than an employee unless the person for whom the work is done has control over the details of and the method of doing the work. (*Matter of Beach* v. *Velzy*, 238 N. Y. 100.) In this connection it should again be noted that the provision for the termination of the agreement in the event claimant failed to average $150 a week in sales at retail prices is not the only provision which gave appellant the right of cancellation. The sixth paragraph of the agreement reads as follows: " The Distributor agrees to send in

reports each week in the form shown on the reverse hereof and to carry out his obligations under the contract, it being understood that failure to do so gives the Company the right to cancel his contract. It is further understood that the Company does not reserve any direction or control with respect to the Distributor's activities other than the right to question the sufficiency of the results accomplished by the Distributor as measured by the requirements of this contract." This clause has been cleverly drawn, but appears to me at least to be ambiguous, and to raise the inference that claimant's daily activities are somewhat linked to the right of appellant to question the sufficiency of the results he has accomplished. As stated before, I can see no other purpose for weekly reports in such detail.

The decision of the Board has support in the evidence by way of inference at least (*Matter of Glielmi* v. *Netherland Dairy Co.*, 254 N. Y. 60), and is final on all questions of fact. (Labor Law, § 510, subd. 6; now § 534.)

The decision appealed from should be affirmed, with costs to the Industrial Commissioner.