In the Matter of the Claim of LOUISE THOMAS, Appellant, against BARONE REALTY CORPORATION and HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondents. STATE INDUSTRIAL BOARD, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim for Benefits under Article 18 of the Labor Law Made by TRIXIE BINDER, Claimant. THE PARENTS' INSTITUTE, INC., Employer, Appellant; FRIEDA S. MILLER, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, dated November 3, 1939, and noticed on November 13, 1939, holding the claimant to have been an employee of the appellant and eligible for unemployment insurance benefits. Appellant is the publisher of " The Parents' Magazine." In July, 1937, claimant was appointed by appellant to solicit subscriptions on a commission basis. She was permitted to work anywhere she pleased in The Bronx. There was no check-up on the time she spent on her work and she was not required to work any specific number of hours. She might use any sales methods that she pleased. She chose to work by herself, although she might have worked with a crew. Claimant paid all her own expenses, had no drawing account, was furnished no office space or telephone facilities and was not required to work exclusively for the appellant. She made no written reports and was not required to keep any record of her activities. She came to the office of appellant but infrequently and then only for the purpose of bringing in orders. In June, 1938, she advised the appellant that she was resting for the summer and that when cold weather set in she would be glad to continue with the appellant if it would have her. We find no supervision or control over the claimant such as is usual in the case of an employee. The Federal Bureau of Internal Revenue decided that similar commission sales agents of appellant were independent contractors. Decision reversed, on the law and facts, with costs to the appellant against the Unemployment Insurance Appeal Board on the ground that claimant was an independent contractor and not an employee. (*Matter of Levine* v. *Aluminum Cooking Utensil Co., Inc.*, 258 App. Div. 1023; *Matter of Fidel Association of New York, Inc.*, 259 id. 486; *Irwin* v. *Klein*, 271 N. Y. 477; *Matter of Beach* v. *Velzy*, 238 id. 100; *Hexamer* v. *Webb*, 101 id. 377.) Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.