In the Matter of the Hearing of: ELECTROLUX CORPORATION, Employer, under Section 523 of the Unemployment Insurance Law.

ELECTROLUX CORPORATION, Appellant; FRIEDA S. MILLER, Industrial Commissioner of the State of New York, Respondent.

Third Department, March 19, 1941.

*Chadbourne, Hunt, Jaeckel & Brown* [*Harold L. Smith, William K. Dupre* and *Richard W. Hogue, Jr.*, of counsel], for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein, Solicitor-General; W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General*, of counsel], for the respondent.

Bliss, J.   The decision of the Unemployment Insurance Appeal Board is as follows:

" Decision: Appellant is a covered employer within the meaning of the Unemployment Insurance Law [Labor Law, art. 18] and is required to pay contributions into the Unemployment Insurance Fund based on the earnings of its salesmen.

" The decision of the referee and the determination of the Division of Placement and Unemployment Insurance are affirmed."

Both the appellant and respondent ask that this decision be reversed but for different reasons, the respondent, Industrial Commissioner, because the case did not properly arise under section 523 of the Unemployment Insurance Law, or any other statute, and the appellant, Electrolux Corporation, because the persons whose status is involved in this case are independent contractors and not employees of the appellant.   The referee states that the employer requested a hearing under section 523 of the Unemployment Insurance Law to determine the validity of the ruling of the Division of Placement and Unemployment Insurance of the Department of Labor, holding that the sales representatives, team captains and group leaders of the employer were employees within the meaning of the Unemployment Insurance Law. The decision of the Appeal Board reads that the appeal to it was taken pursuant to the provisions of section 523.1 (b) [§ 523, subd. 1, ¶ (b)] of the Labor Law from the decision of the referee, which affirmed the determination of the Division of Placement and Unemployment Insurance, holding appellant to be an employer within the meaning of the Unemployment Insurance Law and liable for the payment of contributions based on the earnings of its salesmen.

Upon this argument the appellant, Electrolux Corporation, does not urge that authority for the appeal to and decision of the Unemployment Insurance Appeal Board is found in paragraph (b) of subdivision 1 of section 523 of the Unemployment Insurance Law.   It places its reliance upon paragraph (a) of subdivision 1 of section 523 of this statute.

Paragraph (a) of subdivision 1 of section 523, so far as here applicable, reads as follows:

" If an employer fails to file a report for the purpose of determining the amount of his contribution due under this article, or if such report when filed is incorrect or insufficient and the employer fails to file a corrected or sufficient report within twenty days after the Commissioner requires the same by written notice, the Commissioner shall determine the amount of contribution due from such employer on the basis of such information as he may be able

to obtain and he shall give written notice of such determination of [to] the employer. Such determination shall finally and irrevocably fix the amount of contribution unless the employer shall within twenty days after the mailing or personal delivery of notice of such determination apply to the Commissioner for a hearing or unless the Commissioner of his own motion shall reduce the same.

" In like manner any employer who claims to be aggrieved by any other rule or order of the Commissioner under any provision of this article may apply to the Commissioner for a hearing.

" *   *   *."

Paragraph (b) of the same section reads: " Within twenty days after the mailing or personal delivery of notice of the decision after such a hearing, the employer may take an appeal to the Appeal Board by filing a notice of appeal with the Commissioner and the Commissioner may likewise within such period take an appeal to said Board by giving written notice thereof to the employer."

There is no proof here that the employer failed to file a report for the purpose of determining the amount of his contribution due under this article, or that such a report had been filed but was incorrect or insufficient. Consequently, there was no authority for the making of the determination under the first part of paragraph (a) of subdivision 1 of section 523. Nor do we find statutory authority for the Commissioner to make a decision of this kind under any other provision of article 18. Consequently, this is not an " other rule or order " such as is referred to in the second part of said paragraph (a), quoted above.

It is fundamental that the Unemployment Insurance Appeal Board is vested with only such authority and jurisdiction as is granted to it by statute. But search for a statute authorizing this determination is in vain. The decision itself is wholly impersonal; it deals with no actual alleged employee and consequently affects no employee of appellant. It does not determine the amount of contribution due from the employer and it does not fix any amount of contribution. It directs no payment but deals with abstractions and with neither contracts of employment nor the status of any so-called employee. At best it is advisory only. While much may be said in favor of the granting of power to the Board to render decisions in the nature of a declaratory judgment we fail to find that such power has been given by the present statute. Even the Supreme Court, with its all-embracing constitutional jurisdiction, must have statutory authority for its power to render judgments declaring the rights of the parties (Civ. Prac. Act, § 473), and there must be an actual controversy and the parties and the subject-matter must be before the court.

The decision of the Unemployment Insurance Appeal Board should be reversed and the proceeding dismissed, without costs.

HILL, P. J., and CRAPSER, J., concur; SCHENCK and FOSTER, JJ., dissent, SCHENCK, J., in an opinion in which FOSTER, J., concurs.

SCHENCK, J. (dissenting). This is an appeal from a decision by the Unemployment Insurance Appeal Board which affirmed a finding by a Referee holding appellant to be liable for the payment of unemployment insurance contributions based on the earnings of its salesmen. The ruling in question did not fix the amount to be paid and no undertaking on appeal was filed by appellant. The respondent Industrial Commissioner contends, accordingly, that there is a jurisdictional defect in this appeal in addition to the question of the determination of fact involved.

Although it is true that no determination of the amount of insurance to be paid has ever been made, and although, as a consequence, no undertaking has been filed pursuant to section 536 of article 18 of the Labor Law, I think that the principal question involved is properly before this court and that the defect is not jurisdictional but merely procedural. Inasmuch as the only point at issue here is the question of whether or not appellant is subject to the Unemployment Insurance Law as far as its salesmen are concerned, nothing would be gained by remitting the case to the Industrial Board for a monetary determination. The case can and should be determined here upon the merits.

The merits of the case devolve upon a question of fact. Are appellant's salesmen employees or are they independent contractors? There is no question but that prior to July 1, 1938, appellant operated in New York State through a subsidiary, Electrolux, Inc., which was concededly subject to the Unemployment Insurance Law. This corporation was dissolved and appellant obtained permission to do business in New York State with virtually the same personnel as had been employed by the subsidiary. New contracts were drawn for the salesmen following this change. These contracts were designed apparently to characterize the salesmen as independent contractors. The new plan seems beyond doubt to have been for the express purpose of avoiding compliance with the law in question.

The difficulty with appellant's system, however, seems to be in the fact, as found by the Industrial Board, that appellant still exercises such a degree of control as to continue the salesmen as employees in fact rather than to make them independent contractors. The criterion is not what the salesmen are called but what they actually are. (*Matter of Morton*, 284 N. Y. 167.)

Numerous cases have been cited by appellant to establish that these salesmen are independent contractors. Each case upon this point, however, must necessarily be decided upon its own peculiar state of facts, no two of which, as in the case of wills, are ever precisely alike. It is the function of the administrative authority to determine the facts presented in each case and " where from the evidence either of two conflicting inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the Board." (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, 267.)

In the instant case the salesmen can sell only at a fixed price, can take orders only upon appellant's special blanks, must have all orders subject to inspection by a so-called " verifier " employed by appellant, and are paid commissions weekly. In addition, they are furnished with advertising matter, restricted to certain fixed territories, and given more or less uniform sales instructions. These and other points, such as the " team " system, indicate definitely that appellant's salesmen are not independent contractors in the true sense of the word.

In this connection the case at bar is distinguished from *Levine* v. *Aluminum Cooking Utensil Co., Inc.* (258 App. Div. 1023; affd., 283 N. Y. 577). In that case the salesman was bonded, indicating a personal responsibility upon him that does not exist here. Furthermore, his sales were apparently not subject to the " verification " used in the instant case, which clearly shows that Electrolux Corporation maintained control of all sales in the final analysis. In addition, the Aluminum salesman had a sort of culinary skill which he used in preparing " sample dinners " for prospective purchasers, an element which placed discretion in the salesman and which put him, while engaged in such activity at least, out of the control of the Aluminum Company. In view of these and other factual distinctions, which in similar manner distinguish the instant case from others urged by appellant, I think the decision should be affirmed. The true relationship was not evinced by the contract " but that in addition the actual practice of the parties which supplemented the written contract had to be taken into account." (*Matter of Morton, supra.*) Appellant should not be allowed to circumvent a provision of law, squarely intended to include appellant in its provisions, by the device employed herein.

The decision should be affirmed.

FOSTER, J., concurs.

Determination reversed on the law and matter dismissed, without costs.