■ In the Matter of the Claim of ROBERT POZARYCKI, Respondent. CUSTOMER MARKETING SERVICES, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [738 NYS2d 748] —Lahtinen, J. Appeal from two decisions of the Unemployment Insurance Appeal Board, filed November 28, 2000, which ruled that Customer Marketing Services, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.

Customer Marketing Services, Inc. (hereinafter CMS) provides various services to banks, including the evaluation of personnel and procedures using so-called mystery shoppers who pose as bank customers. Claimant worked for CMS as a mystery shopper and also as a coordinator of mystery shoppers and as a salesperson. In the two decisions on appeal, the Unemployment Insurance Appeal Board ruled that claimant and others similarly situated were employees of CMS and not independent contractors. CMS does not contest the Board's ruling with regard to claimant's role as coordinator and salesperson. The Board's decision contains separate findings and conclusions with regard to each aspect of claimant's work and, therefore, in light of the limited scope of the appeal by CMS, we will focus on the Board's findings and conclusions with regard to claimant's role as a mystery shopper.

Claimant received his assignments from CMS by mail, along with the evaluation form designed by CMS and the particular bank, which claimant completed and returned by mail. Upon receipt of the completed form, a CMS employee would review it and request corrections if necessary. Claimant could refuse an assignment and could visit the particular bank at his convenience. He was paid a fee of between $15 and $25 per visit, which was set by agreement of CMS and the bank, which was a client of CMS, not claimant. Claimant was also reimbursed for travel expenses. The amount paid to CMS by the client bank included both the fee and the travel expense reimbursement. Although he was free to work for competitors, claimant indicated that he was not in business for himself. Based upon these findings, which are supported by substantial evidence in the record, the Board concluded that, although claimant usually worked at his own convenience, CMS exercised its rights to supervise, direct and control claimant's work and results.

As CMS contends, the record demonstrates that claimant had significant discretion with regard to the performance of each assignment, but that discretion appears to be more an element of the nature of the work than an indication of the independent nature of his relationship with CMS. Claimant posed as a customer of the bank specified by CMS, performed the evaluation required by CMS and reported the results of that evaluation on the form provided by CMS. The fact that he could reject an assignment and had discretion with regard to the time within which the assignment had to be performed, the appearance he assumed in posing as a customer and the particular bank service he used in conducting the evaluation does not, in our view, necessarily establish that he was an independent contractor. Considering the nature of the work, the Board could rationally conclude that CMS exercised sufficient direction and control to establish that claimant was an employee (*compare, Matter of Michaud [Cardinal Claim Servs.—Sweeney]*, 232 AD2d 806, *lv denied* 89 NY2d 809, *with Matter of HTA of N.Y. [Commissioner of Labor]*, 255 AD2d 733). The fact that the record also contains several factors indicative of an independent contractor relationship provides no basis to disturb the Board's decision (*see, Matter of Enjoy the Show Mgt. [Commissioner of Labor]*, 287 AD2d 822). We have considered the other arguments of CMS and find that they have no merit.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.