OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court with directions to remand to respondent for further proceedings in accordance with this memorandum.
Claimant was engaged by STARS (Special Travel Agency Representative Service Network), a marketing organization operated by Hertz Corporation. She visited travel agencies to *691 promote Hertz’s products by distributing sales materials and making presentations. Within her assigned territory, claimant chose which agencies she would visit and when she would visit them, was compensated on a per-visit basis, was not required to attend meetings, had minimal supervision and was free to sell products that did not compete with Hertz. Her contract with Hertz identified her as an independent contractor, and Hertz reported her pay on a 1099 form.
Substantial evidence does not exist to support the Unemployment Insurance Appeal Board’s determination that claimant was a Hertz employee for purposes of receiving unemployment insurance benefits. An employer-employee relationship exists when the evidence demonstrates that the employer exercises control over the results produced by claimant or the means used to achieve the results (Matter of 12 Cornelia St, 56 NY2d 895, 897 [1982]). Such evidence was lacking here. Incidental control over the results produced—without further evidence of control over the means employed to achieve the results—will not constitute substantial evidence of an employer-employee relationship (Matter of Ted Is Back Corp., 64 NY2d 725, 726 [1984]).
That Hertz gave claimant instruction on what to wear, what products to promote and how to make a presentation does not support the conclusion that claimant was an employee. “The requirement that the work be done properly is a condition just as readily required of an independent contractor as of an employee and not conclusive as to either” (Matter of Werner, 210 AD2d 526, 528 [3d Dept 1994]).
Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Read and R.S. Smith concur in memorandum; Judge Graffeo taking no part.
Order reversed, etc.