[851 NE2d 1195, 818 NYS2d 844]

In the Matter of STEPHEN L. O'BRIEN, Respondent, v ELIOT SPITZER, as Attorney General of the State of New York, Appellant.

Argued June 6, 2006; decided June 29, 2006

### POINTS OF COUNSEL

*Eliot Spitzer, Attorney General,* New York City (*Richard Rifkin, Caitlin J. Halligan, Daniel Smirlock, Michael S. Belohlavek* and *David Lawrence III* of counsel), appellant pro se. I. Under the control test, Stephen L. O'Brien, as a court-appointed foreclosure referee, was an independent contractor who was expressly excluded from Public Officers Law § 17 coverage. (*Matter of Garcia v Abrams,* 98 AD2d 871; *Matter of LoRusso v New York State Off. of Ct. Admin.,* 229 AD2d 995; *Matter of Sharrow v State of New York,* 216 AD2d 844; *Matter of Town of Haverstraw v Newman,* 75 AD2d 874; *Matter of Frontier Ins. Co. v Koppell,* 225 AD2d 93; *Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725; *Matter of Charles A. Field Delivery Serv. [Roberts],* 66 NY2d 516; *Matter of Villa Maria Inst. of Music [Ross],* 54 NY2d 691; *Matter of Morton,* 284 NY 167; *Western Elec. Co. v Brenner,* 41 NY2d 291.) II. Both courts below abandoned or misapplied the control test. (*Matter of Hertz Corp. [Commissioner of Labor],* 2 NY3d 733; *Van Boskerck v Hayward,* 81 Misc 370; *Hanover Funding Co. v Keri Assoc.,* 180 AD2d 945; *Crossland Mtge. Corp. v Frankel,* 192 AD2d 571; *Associates Fin. Servs. v Davis,* 133 AD2d 601; *Tambasco v Pesce,* 213 AD2d 821; *Citibank v Sahakian,* 225 AD2d 333; *Alben Affiliates v Astoria Term.,* 34 Misc 2d 246; *Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725; *Klostermann v Cuomo,* 61 NY2d 525.) III. The Attorney General's determination that Stephen L. O'Brien is an independent contractor is entitled to deference. (*Matter of Roesch v Board of Educ. for Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 259 AD2d 900; *Matter of Brosnahan v New York State Employees' Retirement Sys.,* 174 AD2d 954; *Matter of Caufield-Ori [Blumberg—Sweeney],* 233 AD2d 558; *Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393; *Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Erwin v Regan,* 89 AD2d 753, 58 NY2d 722; *Matter of Judd v Constantine,* 153 AD2d 270.)

*O'Brien & O'Brien, LLP,* Nesconset (*Stephen L. O'Brien* pro se and *Daniel P. O'Brien* of counsel), for respondent. The Appellate Division correctly concluded that the Supreme Court properly granted the petition. (*Colin v County of Suffolk,* 181 AD2d 653; *Sullivan v Elliott,* 157 Misc 2d 456; *Buxbaum v Buxbaum,* 118 Misc 2d 348; *Sam v Town of Rotterdam,* 248 AD2d 850; *Rosendale v Galin,* 266 AD2d 444; *Anonymous v Bureau of Professional Med. Conduct,* 309 AD2d 44; *Matter of Schenectady Police Benevolent Assn. v New York State Pub. Empl. Relations Bd.,* 85 NY2d 480; *Matter of CDL W. 45th St. v City of N.Y. Dept. of Fin.,* 308 AD2d 210; *Jorgensen v Endicott Trust Co.,* 100 AD2d 647; *Szabados v Quinn,* 156 AD2d 186.)

## OPINION OF THE COURT

R.S. SMITH, J.

We hold that the Attorney General properly found a private lawyer who was appointed as referee in a mortgage foreclosure proceeding to be an independent contractor, not a state employee. The referee therefore was not entitled to defense and indemnification from the State in a lawsuit brought against him.

## Facts and Procedural History

This case arises out of a proceeding to foreclose a mortgage on a home owned by Donald MacPherson. Supreme Court entered a judgment of foreclosure and sale, and appointed petitioner, a lawyer in private practice, as referee to supervise the sale of the property. The property was sold and MacPherson, contending that the foreclosure and sale violated his constitutional rights, brought a lawsuit in federal court seeking damages and injunctive relief against several defendants, including petitioner.

Petitioner informed the Attorney General of the lawsuit, and requested defense and indemnification pursuant to Public Officers Law § 17. The Attorney General rejected the request, relying on the exclusion of "independent contractor[s]" from the rights given by the statute. Petitioner then brought this proceeding under CPLR article 78 against the Attorney General, seeking an order annulling the Attorney General's determination and directing the Attorney General to defend petitioner in MacPherson's suit. MacPherson later withdrew his claims against petitioner, but petitioner continues to seek indemnification for the expense the suit caused him.

Supreme Court granted the petition, and the Appellate Division affirmed. The Appellate Division permitted the Attorney General to appeal to this Court on a certified question, and we now reverse.

## Discussion

Public Officers Law § 17 (2) (a) requires the State to "provide for the defense" of an "employee" in an action arising out of his or her public duties. "Employee" is defined in Public Officers Law § 17 (1) (a), which provides in relevant part: "As used in this section, unless the context otherwise requires the term 'employee' shall mean any person holding a position by election, appointment or employment in the service of the state, . . . but shall not include an independent contractor."

The issue is whether petitioner was an "employee" or an "independent contractor" within the meaning of this section. We first consider whether the Attorney General's resolution of this issue is entitled to deference, and we conclude that it is.

While as a general rule courts will not defer to administrative agencies in matters of "pure statutory interpretation" (*Matter of KSLM-Columbus Apts., Inc. v New York State Div. of Hous. & Community Renewal*, 5 NY3d 303, 312 [2005]), deference is appropriate "where the question is one of specific application of a broad statutory term" (*Matter of American Tel. & Tel. Co. v State Tax Commn.*, 61 NY2d 393, 400 [1984], quoting *NLRB v Hearst Publications, Inc.*, 322 US 111, 131 [1944] [interpreting the term "employees"]). This case is in that category.

The terms "employee" and "independent contractor" are familiar ones, and their definitions are well known. Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results. A person who works for another subject to less extensive control is an independent contractor (*e.g., Matter of Hertz Corp. [Commissioner of Labor]*, 2 NY3d 733, 735 [2004]; *Matter of Charles A. Field Delivery Serv. [Roberts]*, 66 NY2d 516, 521 [1985]). But it is often not easy to apply those definitions to specific facts. When a person claiming to be a public employee requests indemnification, the Attorney General must first decide whether that person is indeed an employee, or is an independent contractor. Where his decision is a reasonable one, courts should not second-guess it.

Here, there was ample basis for the Attorney General's determination that petitioner was an independent contractor, not an

employee. Petitioner worked without day-to-day supervision and chose his own hours of work; it was he who selected the date for the foreclosure sale. He performed his duties on a part-time basis, while also working for clients of his private law practice. His compensation did not come from state funds, but from the sale proceeds. The State did not withhold income tax or provide workers' compensation. Petitioner furnished whatever materials he needed for his work, and paid his own expenses, subject to reimbursement from the sale proceeds. He deposited the proceeds in a special bank account bearing his own name, as required by CPLR 2609. He was, in short, substantially more independent from state control over his activities than a typical state employee. Beyond this, public policy supports the Attorney General's decision: The purpose of Public Officers Law § 17 is, in essence, to provide insurance against litigation. Private lawyers like petitioner ordinarily have malpractice coverage, and the Legislature is unlikely to have intended to substitute the State for lawyers' malpractice carriers.

Accordingly, the order of the Appellate Division should be reversed, without costs, the petition dismissed and the certified question answered in the negative.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order reversed, etc.