Hon. Joan B. Carey Formal Opinion Deputy Chief Administrative Judge No. 2006-F5 New York City Courts Office of Court Administration 25 Beaver Street New York, NY 10004
Dear Administrative Judge Carey:
Special Counsel to the Administrative Judge of the Civil Court of New York City has asked whether certain individuals who serve in the guardian ad litem program of the Civil Court's Housing Part are entitled to defense and indemnification under Public Officers Law § 17. As explained below, we are of the opinion that these guardians ad litem are not eligible for section 17 coverage.
The Guardian ad Litem Program
We understand that since 2003, the Civil Court of the City of New York has operated a program within the Housing Part to maintain a pool of guardians ad litem to protect the interests of litigants whom the Court has deemed incapable of understanding the nature and consequences of a proceeding brought against them because of, e.g., mental illness or age.
Each applicant to the guardian ad litem program receives training conducted by staff of the Office of Court Administration, as well as subsequent training by Civil Court staff. Upon acceptance to the guardian ad litem program, the individual is added to a roster from which potential guardians ad litem are chosen as needed by Housing Part judges. The individual is then eligible for appointment when a judge determines that a guardian ad litem should be appointed for a litigant in a specific matter. The guardians ad litem who are the subject of this inquiry receive compensation, $600 per case, for work performed on behalf of clients of New York City's Adult Protective Services. The flat fee is paid by New York City. The guardian ad litem is aware of the availability of the fee before he or she accepts a particular assignment.
Upon appointment in a specific matter, the guardian ad litem's role is to protect the interests of the litigant. As described on the Housing Court's website, "Court[-]appointed [guardians] are expected to advocate on behalf of their ward with the goal of making any necessary interventions to prevent eviction. Although the specific responsibilities of a [guardian] vary according to the case, common duties often include: making court appearances, coordinating with social service agencies in an effort to secure needed entitlements or services, and negotiating settlements with other parties involved in the case." See New York City Civil Court, Housing Part, Prospective Guardians ad Litem, availableat
http://www.courts.state.ny.us/courts/nyc/housing/GALprospective.s html.
Other than when required to appear in court, the guardian ad litem performs his or her responsibilities at hours set by the guardian, at a location determined by him or her. Expenses incurred by the guardian ad litem in the performance of his or her duties are not reimbursable by the State.
The judge may discharge the guardian in the event that the guardian's work proves unsatisfactory or detrimental to the interests of his or her ward. Moreover, the Court may remove a guardian from the list of eligible appointees for conduct incompatible with appointment.
Analysis
This Office has been asked whether these compensated guardians ad litem are eligible for defense and indemnification under section 17 of the Public Officers Law. As explained more fully below, we conclude that these guardians ad litem are not eligible for State-provided defense and indemnification.[1] We believe the question of whether they should be afforded representation and indemnification as public "employees" is governed by General Municipal Law § 50-k, which applies to civil actions against employees of New York City. The question of whether any such obligation exists here should be addressed to the City.
Section 17 of the Public Officers Law provides that the State generally must provide for the defense and indemnification of its employees. Defense is provided in "any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged . . . to have occurred while the employee was acting within the scope of his public employment or duties." Public Officers Law § 17(2). Indemnification is in the amount of any judgment obtained against the employee in any state or federal court, or in the amount of any settlement of claim, if the act underlying the judgment or settlement occurred while the employee was acting within the scope of his or her public employment or duties and the injury or damage complained of was not the result of intentional wrongdoing by the employee. Id. § 17(3)(a). The provision of defense and indemnification is dependent on the public employee's compliance with certain specified procedural requirements. Id. § 17(4).
Under section 17, "employee" is defined as "any person holding a position by election, appointment or employment in the service of the state . . . whether or not compensated, or a volunteer expressly authorized to participate in a statesponsored volunteer program, but shall not include an independent contractor." Public Officers Law § 17(1)(a). We have been asked whether the guardians ad litem are "employees" as defined by section 17. As explained below, we believe that with respect to the State, they are more properly characterized as independent contractors.
"Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results" while a "person who works for another subject to less extensive control is an independent contractor." O'Brien v. Spitzer,7 N.Y.3d 239, 242 (2006). Control over the means is the more important factor to be considered. Matter of Ted Is Back Corp.(Roberts), 64 N.Y.2d 725, 726 (1984). Factors relevant to concluding that a person is an independent contractor rather than an employee include whether the person works without day-to-day supervision, chooses his or her own hours of work, furnishes any materials needed for the work, and pays his or her own expenses.O'Brien at 243.
We believe that the manner in which the guardian conducts his or her work precludes a conclusion that the guardian ad litem is an "employee" as opposed to an independent contractor under section 17. Like the court-appointed referee found to be an independent contractor in O'Brien, a guardian ad litem works without day-to-day supervision from the court and, other than when required to appear in court, chooses his or her own hours of work. The guardian determines the amount of contact he or she will have with the represented litigant. Expenses incurred by the guardian are not reimbursed by the State. Moreover, the guardian ad litem exercises independent judgment with respect to the needs and interests of the represented litigant and represents those judgments to the Court. See Op. Att'y Gen. No. 98-F2 (physicians who made independent opinions about the condition of candidates to and members of the State Police were independent contractors). Therefore, we believe that the Court does not control the manner in which the work is performed, rendering guardians ad litem independent contractors.
While several factors might suggest that guardians ad litem might be considered "employees" of the State, they ultimately do not support that conclusion. For example, State employees provide training to guardians ad litem. This alone, however, does not render the guardians ad litem "employees." See Matter of HertzCorp., 2 N.Y.3d 733, 734 (2004) ("That Hertz gave claimant instruction on what to wear, what products to promote and how to make a presentation does not support the conclusion that claimant was an employee."). "The requirement that the work be done properly is a condition just as readily required of an independent contractor as of an employee." Id. Similarly, although settlement agreements are subject to Court approval,see C.P.L.R. 1207, this requirement is intended to protect the litigants and the validity of the agreement, rather than to require that the guardian ad litem take a particular position with respect to a settlement. See 4 Weinstein, Korn, Miller,New York Civil Practice ¶¶ 1207.01, 1207.06 (2d ed. 2006). It does not render the guardian ad litem subject to the Court's direct control as an employee. Indeed, the Court's power to approve a settlement "does not confer a concomitant power to dictate the terms of the settlement." Stahl v. Rhee,220 A.D.2d 39, 44-45 (2d Dep't 1996).
Finally, though guardians ad litem have been deemed "officers of the court" and an "arm of the court," see In re Becan,26 A.D.2d 44, 45, 48 (1st Dep't 1966), we do not believe that this appellation requires the conclusion that they are thus employees of the Court. Attorneys are considered "officers of the court,"see, e.g., Wieder v. Skala, 80 N.Y.2d 628, 635 (1992), as are court-appointed referees, see Lane v. Chantilly Corp.,251 N.Y. 435, 437 (1929); O'Brien v. Spitzer, 24 A.D.3d 9, 12
(2d Dep't 2005), rev'd, 7 N.Y.3d 239 (2006), yet attorneys, by virtue of this status alone, are not entitled to State-provided defense and indemnification, nor are referees, see O'Brien.Cf. Riley v. Erie Lackawanna R.R. Co., 119 Misc. 2d 619, 621
(S. Ct. 1983) ("The guardian ad litem does indeed have a public function, but it differs only in degree from the general obligations required of all attorneys as officers of the court [citation omitted]. That function differs even less from that of a receiver in a mortgage foreclosure, a trustee in bankruptcy, an executor, administrator, or other similar fiduciary. . . . [T]he intent and meaning of [Canons 5 and 9 of the Code of Professional Responsibility], pertaining to public employees and judicial officers, is unduly distorted if applied to the function of guardian ad litem.").
We therefore conclude that guardians ad litem appointed by the Housing Court who receive $600 from Adult Protective Services are not eligible for State-provided defense and indemnification.
Very truly yours,
 ELIOT SPITZER Attorney General
[1] This conclusion is not inconsistent with our conclusion that unpaid guardians ad litem are eligible for section 17 coverage, see Op. Att'y Gen. No. 2006-F3. We concluded that unpaid guardians ad litem are "volunteers expressly authorized to participate in a state-sponsored volunteer program." Id. Here, while the guardians are participating in the same state-sponsored program, because they receive $600 they are not "volunteers," necessitating consideration of the question of whether they are employees or independent contractors with respect to the State.