■ In the Matter of ROBSONWOESE, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [840 NYS2d 638]—

Mugglin, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 2006, which sustained an initial determination denying a request by RobsonWoese, Inc. for a refund of unemployment insurance contributions.

RobsonWoese, Inc., a New York corporation, entered into a contract with Tri-Net Employer Group, Inc., a professional employer organization (hereinafter PEO; *see generally* Labor Law art 31; *Tri-State Empl. Servs. v Mountbatten Sur. Co.*, 99 NY2d 476, 481 [2003]), whereunder Tri-Net, for a fee, agreed to "implement [RobsonWoese's] payroll, benefits, and employer-of-record services, its human resources, risk management, and communications policies, and . . . administer the employment relationship." Under the contract, RobsonWoese acquired no assets of or ownership interest in Tri-Net, and its employees became the employees of Tri-Net. As it was required to under Labor Law § 923, Tri-Net subsequently made unemployment insurance contributions on account of the employees.

Thereafter, RobsonWoese terminated the contract with Tri-Net, effective June 30, 2004, and immediately hired the employees who had been employed by Tri-Net at RobsonWoese's work site. RobsonWoese was then assessed 2004 unemployment insurance contributions; while it paid such contributions it requested a refund on the ground that it had already made such annual contributions through Tri-Net earlier in the year. An initial determination denied the request for a refund, which determination was overruled by an Administrative Law Judge. The Unemployment Insurance Appeal Board thereafter reversed the Administrative Law Judge's decision and sustained the initial determination. RobsonWoese appeals.

As this case of first impression is one of pure statutory construction that does not require any particular expertise to interpret, deference is not owed to the Board's decision (*see Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006]). We begin by noting that an employer is required to make unemployment insurance contributions based upon the first $8,500 of wages for each of its employees each year (*see* Labor Law § 518 [1] [a]). In the case of a PEO, it—and not the "client" company (*see* Labor Law § 916 [1])—is the party responsible for making such contributions (*see* Labor Law § 923). Here, Tri-Net, as the employer of the employees in question through the end of June 2004, made the required contributions to the unemployment insurance compensation fund. When RobsonWoese effectively rehired those employees as of July 1, 2004, it became a new employer statutorily obligated to make contributions on their behalf for the first $8,500 in wages paid by it during the remainder of 2004. While RobsonWoese's contention that it should not have been forced to make unemployment compensation contributions twice in the same year is not illogical, under the current statutory scheme, there is no authority to exempt an employer from being required to make such contributions once it rehires employees from a PEO during a calendar year as there is, for example, in the case of one employer acquiring the assets of another employer (*see* Labor Law § 518 [2]). Further, although Labor Law § 916 (3) (a) defines a "professional employer agreement" as a contract whereby a PEO "expressly agrees to co-employ all or a majority of the employees providing services for the client," the agreement in this case clearly states that the individuals in question were, during the duration of the agreement, "employees employed by [Tri-Net] at [Robson-Woese's] location." While the statute, in a general sense, confers joint employment status on the PEO and its client, it quite clearly does not do so relative to certain functions, among which are the liabilities arising under the unemployment insurance law (*see* Labor Law §§ 922, 923). Accordingly, the Board's decision to treat RobsonWoese and Tri-Net as separate, successive employers for purposes of liability for payment of unemployment insurance contributions should be affirmed.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.