Gary R. Connor Counsel Division of Housing Community Renewal
25 Beaver Street New York, New York 10004
Dear Mr. Connor:
You have requested our opinion regarding whether members of the Nassau County Rent Guidelines Board, a local rent guidelines board established pursuant to the Emergency Tenant Protection Act of 1974, are eligible for State-provided indemnification pursuant to Public Officers Law § 17. For reasons that follow, we answer that question in the affirmative.
I. Statutory Background
A. Emergency Tenant Protection Act of 1974
The Emergency Tenant Protection Act ("EPTA") of 1974 (L. 1974, ch. 576, § 4, as amended) established a mechanism for controlling rent increases in municipalities in Nassau, Westchester, and Rockland Counties (hereinafter "covered county" or "covered counties").[1] T h e Division of Housing and Community Renewal ("DHCR") is the administrative agency designated to administer the regulation of rent as provided by ETPA and is authorized to promulgate regulations to implement ETPA. ETPA §§ 8(a), 10(a), [2]
codified at McKinney's Unconsol. Laws §§ 8628(a), 8630(a). As described below, DHCR administers rent regulation with the assistance of local rent guidelines boards ("LRGB") appointed by the Commissioner of Housing and Community Renewal (hereinafter "the Commissioner").
When the vacancy rate of rental residential housing or a class of such housing is 5% or *Page 2 
less in a city, town, or village, the local legislative body of the city, town, or village (hereinafter "local government" or "local governments") within a covered county may declare a housing emergency that requires the regulation of residential rents. ETPA § 3(a), codified at McKinney's Unconsol. Laws § 8623(a). Upon an initial declaration of a housing emergency, the Commissioner appoints nine members to a LRGB.Id. § 4(a), codified at McKinney's Unconsol. Laws § 8624(a). These appointments are made upon the recommendation of the legislature of the covered county in which the local government that has the emergency is located. Id. Two members of the LRGB must be representative of tenants, two must be representative of owners of property, and five must be public members, each of whom must have at least five years experience in finance, economics, or housing. Id. The Commissioner designates one of the public members to serve as chairperson of the board; the chairperson may not hold any other public office. Id. The Commissioner may remove members for cause after a hearing. Id.
The LRGB annually establishes guidelines for rent adjustments that set forth the maximum rates at which rents may be increased.Id. § 4(b), codified at McKinney's Unconsol. Laws § 8624(b). Once established, the LRGB has jurisdiction not only over the local government that first declared a housing emergency, but also over any other local government within the covered county that likewise declares a housing emergency.[3] The LRGB may, in its sole discretion, establish guidelines that differ for the various entities subject to its jurisdiction or it may establish standards applicable across the entire county. Id. EPTA provides factors that the board must consider in setting the guidelines, such as the economic condition of the residential real estate industry in the affected area, including real estate taxes, sewer and water rates, operating maintenance costs, and costs and availability of financing. Id. The LRGB must file its findings and guidelines with DHCR, which provides staff assistance to the LRGB. Id. § 4(a), (b), codified at McKinney's Unconsol. Laws § 8624(a), (b).
DHCR enforces the guidelines established by the LRGB. Owners of properties for which rents are regulated generally may not charge or collect any rent in excess of that authorized by the guidelines. ETPA § 6(a), codified at McKinney's Unconsol. Laws § 8626(a). Owners may, however, apply to DHCR for individual adjustments of rents when certain criteria are met. Id. § 6(d), codified at McKinney's Unconsol. Laws § 8626(d). If DHCR determines that an owner has charged more than an authorized rent, the owner is liable to the tenant for a penalty equal to three times the amount of the overcharge. Id. § 12(a)(1), codified at McKinney's Unconsol. Laws § 8632(a)(1).
Owners of housing accommodations subject to ETPA must file an annual statement with DHCR that describes the rent charged and the services the owner provides to renters. Id. § 12-a(a), (f), codified at McKinney's Unconsol. Laws § 8632-a(a), (f). Owners must also certify to *Page 3 
DHCR that they maintain and will continue to maintain all of the services required by law in order to be authorized to increase rents the amount authorized by the guidelines. Id. § 7(a), codified at McKinney's Unconsol. Laws § 8627(a). Upon application by a tenant, DHCR can reduce the tenant's rent by the most recent adjustment if it finds that the owner has not maintained these services. Id.
Members of the LRGB receive no salary. They receive a per diem for no more than 20 days per year for members or 30 days per year for the chair. ETPA § 4(a), codified at McKinney's Unconsol. Laws § 8624(a). DHCR pays the members' per diem and the cost of assistance provided by DHCR staff, and then is reimbursed by the local government that declared the housing emergency.Id. §§ 4, 8(a), codified at McKinney's Unconsol. Laws §§ 8624, 8628(a).
B. Public Officers Law § 17
Public Officers Law § 17 provides authority for the defense and indemnification of an employee of the State. Matter of O'Brien v.Spitzer, 7 N.Y.3d 239 (2006). "Employee" is a term of art defined in subdivision (1)(a) of section 17 as any person "holding a position by election, appointment or employment in the service of the state, . . . whether or not compensated, or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but shall not include an independent contractor." Public Officers Law § 17(1)(a). Under section 17, upon compliance by the employee with certain specified procedural requirements,
 the state shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties. . . . This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the [S]tate.
Id. § 17(2)(a). The statute provides for indemnification in the amount of any judgment obtained against the employee in any state or federal court or in the amount of any settlement of a claim, if the act or omission from which the judgment or settlement arose occurred while the employee was acting within the scope of his or her employment and not from intentional wrongdoing.Id. § 17(3)(a).
II. Analysis
You have advised that Nassau County is willing to defend the members of the Nassau County Rent Guidelines Board ("NCRGB") in litigation but is unwilling to indemnify the members in the event a monetary judgment is entered against them. For purposes of Public *Page 4 
Officers Law § 17, however, the determination that an individual is eligible for indemnification by the State is identical to the determination that he or she is eligible for a defense provided by the State. The crucial factor is whether the individual is an "employee" of the State within the meaning of section 17. If so, then such individual is eligible for indemnification by the State, in addition to a defense.
Central to the question of whether NCRGB's members are eligible for State-provided defense and indemnification is the determination of whether NCRGB members are "employees" under Public Officers Law § 17. And that question distills to whether the members "hold[ ] a position by election, appointment or employment in the service of the state . . . whether or not compensated." Id. § 17(1)(a).
In our opinion, NCRGB's members are in "the service of the state" and thus are "employees" for purposes of section 17. Significantly, each and every member is appointed by a state officer, the Commissioner of Housing and Community Renewal, a factor that we have found relevant to section 17 determinations in the past.See Op. Att'y Gen. No. 96-F9 (members of regional service councils who were designated by Commissioner of Health covered by section 17); Op. Att'y Gen. No. 89-F2 (members of local emergency committees appointed by Executive Department covered by section 17).
Additionally, NCRGB serves a discrete but integral function in the implementation of the State's program of rent regulation. NCRGB is composed of local representatives with diverse backgrounds and expertise relevant to rental housing. The State thus draws upon and uses NCRGB's expertise and experience to develop guidelines reflecting what rents local conditions require and will bear. Once the guidelines are promulgated, rent regulation in local communities pursuant to ETPA is administered and implemented by DHCR, which, of course, is a state entity.
Inc. Vill. Of Great Neck Plaza v. Nassau Co. Rent GuidelinesBd., 69 A.D.2d 528 (2d Dep't 1979) does not compel the conclusion that NCRGB's members are not entitled to a State-provided defense and indemnification in appropriate cases. At issue in Great NeckPlaza was whether NCRGB was a "state agency" subject to the State Administrative Procedure Act and the Open Meetings Law. The court held that it was not, based on the definitions of "state agency" and "state officer" applicable to those statutes. 69 A.D.2d at 534-35; see also Op. Att'y Gen. No. 84-F11 (state law governing local officers' ethics applied to member of county rent guidelines board, applying definitions of "state officer" and "local officer" in Public Officers Law § 2). The definition of state "employee" for purposes of Public Officers Law § 17 is different from the definitions in the statutes considered in Great Neck Plaza, and includes persons providing "service" on behalf of the State even if the jurisdiction in which that service is exercised is limited to a locality or region. See Op. Att'y Gen. No. 96-F9 (members of regional emergency medical services councils and regional emergency medical advisory committees are covered by section 17); Op. Att'y Gen. No. 89-F2 (members of local emergency planning committees, with countywide jurisdiction, are covered by section 17). Application of the definition of "employee" *Page 5 
for purposes of section 17 requires a distinct analysis and may result in conclusions that differ from those compelled by other statutes. See Op. Att'y Gen. No. 97-F11 (members of New York State Independent Living Council were state officers under Public Officers Law § 2 (definitions of "state officer" and "local officer") but were not state "employees" for purposes of defense and indemnification).
In sum, then, we are of the opinion that the members of NCRGB are eligible for State-provided defense and indemnification pursuant to Public Officers Law § 17.
Very truly yours,
ANDREW M. CUOMO Attorney General
[1] Although EPTA also applies to New York City, our conclusions herein are limited in application to the rent guidelines boards named above, because, unlike them, New York City is also subject to other laws governing rent regulation.
[2] The first reference in each citation to ETPA refers to the statute as printed in the Consolidated Law Services, Unconsolidated Laws, Real Property article 249-B.
[3] You have advised that 16 cities, towns, and villages in Nassau County have declared housing emergencies, rendering rental housing in those jurisdictions subject to the Nassau County Rent Guidelines Board's guidelines.