■ In the Matter of AVALON GARDENS REHABILITATION AND HEALTH CARE CENTER, LLC, Appellant. COMMISSIONER OF LABOR, Respondent. (And 19 Other Related Proceedings.) [986 NYS2d 369]—

Garry, J. Appeals from 20 decisions of the Unemployment Insurance Appeal Board, filed November 15, 2012, which ruled that Avalon Gardens Rehabilitation and Health Care Center, LLC and others were liable for unemployment insurance contributions.

Avalon Gardens Rehabilitation and Health Care Center, LLC and 19 other nursing care facilities (hereinafter collectively referred to as the facilities) each entered into a contract with Budget Services, Inc., a professional employer organization,

whereby Budget agreed to provide administration, accounting, finance, clerical, personnel and maintenance services. The facilities' employees became the employees of Budget and, as required by Labor Law § 923, Budget made unemployment insurance contributions on account of the employees through June 30, 2006. Effective July 1, 2006, the facilities terminated their respective contracts with Budget, and the employees of Budget were immediately hired by the facilities. The facilities were subsequently assessed unemployment insurance contributions for these employees for 2006. The facilities objected to these contribution assessments. Following a hearing, the Administrative Law Judge upheld the assessments and, upon the facilities' administrative appeals, the Unemployment Insurance Appeal Board affirmed. The facilities appeal.

Contrary to the facilities' contention, we conclude that this case in not distinguishable from *Matter of RobsonWoese, Inc. (Commissioner of Labor)* (42 AD3d 774 [2007]). A review of the contract between the facilities and Budget confirms that Budget served as a professional employer organization as defined in the statute (*see* Labor Law § 916) and that Budget was responsible for unemployment insurance contributions for each of its employees each year (*see* Labor Law § 923). When the facilities terminated their contracts with Budget and rehired those same employees, the facilities became new, subsequent employers and were thus statutorily obligated to make unemployment insurance contributions on behalf of those employees for the first $8,500 in wages paid during the remainder of that year (*see Matter of RobsonWoese, Inc. [Commissioner of Labor]*, 42 AD3d 774, 775 [2007]; *see also* Labor Law § 518). Accordingly, the Board's decisions are affirmed.

Peters, P.J., Lahtinen and Rose, JJ., concur. Ordered that the decisions are affirmed, without costs.