Peters, P.J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed April 24, 2013, which ruled, among other things, that Confero Consulting Associates, Inc. was liable for unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Confero Consulting Associates, Inc. arranges for professional mystery shoppers to perform incognito visits to the retail branches of its third-party clients for the purpose of gathering information that is then reported to the clients’ management. From 2004 to 2009, claimant worked as a mystery shopper through Confero. Upon claimant’s application for unemploy *1125 ment insurance benefits, the Department of Labor determined that claimant was an employee of Confero and that Confero was therefore liable for unemployment insurance contributions. This decision was reversed by an Administrative Law Judge (hereinafter ALJ) after a hearing, on the basis that claimant was an independent contractor. The Unemployment Insurance Appeal Board subsequently reversed the ALJ’s decision, concluding that claimant and all other similarly situated mystery shoppers are employees and, thus, that Confero is liable for unemployment insurance contributions based on remuneration paid to these individuals. Confero appeals.
Whether an employer-employee relationship exists for the purpose of unemployment insurance is a factual question for the Board to resolve, and its determination will not be disturbed as long as it is supported by substantial record evidence (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]; Matter of Watson [Partsfleet Inc.—Commissioner of Labor], 127 AD3d 1461, 1462 [2015]). While an employer-employee relationship is found when the alleged employer “exercises control over the results produced or the means used to achieve the results” (Matter of Pickton [Priority Assist Inc.—Commissioner of Labor], 127 AD3d 1484, 1485 [2015] [internal quotation marks and citations omitted]; see Matter of 12 Cornelia St. [Ross], 56 NY2d 895, 897 [1982]), when, as here, the evidence establishes that the alleged employer exercises only “[incidental control over the results produced — without further evidence of control over the means employed to achieve the results” — the Board’s finding of an employer-employee relationship is not supported by substantial evidence (Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 437 [internal quotation marks and citations omitted]; see Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726 [1984]).
Here, claimant testified that, when a new mystery shopping event became available, he was notified via email by a scheduling company and then was able to view the assignment on Confero’s website. Claimant had the liberty of choosing what assignments, if any, he wanted to perform and, after he accepted an assignment, Confero did not even require that claimant perform the assignment himself. Rather, claimant had the discretion to send a substitute in his place so long as he provided notification to the scheduling company to ensure that the substitute was not overexposed at a given location. Although each assignment came with certain tasks that claimant *1126 had to perform, the manner in which he performed those tasks was fully within his discretion. Significantly, Confero did not require that claimant perform any minimum number of assignments, request that he seek permission for time off or set forth a particular work schedule. According to Confero’s president, claimant was free to work as little or as much as he wanted. For each assignment that he completed, claimant was paid a nonnegotiable fixed fee that was set by Confero’s client. Further evidencing a lack of control, Confero did not provide claimant with any training, supply him with any equipment or require him to attend any meetings, and it fully permitted him to work for competing companies, which he did regularly.
The fact that claimant was required to submit a questionnaire to Confero’s editorial staff upon completing an assignment, which was then reviewed for completeness and scored, amounts to no more than a requirement that the assignment be done properly, which “is a condition just as readily required of an independent contractor as of an employee and not conclusive as to either” (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004] [internal quotation marks and citation omitted]; accord Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 438). Under these circumstances, we find that substantial evidence does not support the Board’s determination that claimant was an employee of Confero (see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d at 438; Matter of Lee [Encore Nationwide Inc.—Commissioner of Labor], 127 AD3d 1399, 1399 [2015]). Finally, unlike in Matter of Pozarycki (Customer Mktg. Servs.—Commissioner of Labor) (292 AD2d 661 [2002]), in which we found that the claimant — a mystery shopper — was an employee, here, Confero did not send claimant assignments or reimburse him for travel expenses (compare id. at 662).*
McCarthy, Garry and Rose, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.

 Based upon our finding, we need not reach Confero’s argument that the Board departed, without explanation, from precedent established in a parallel claim made by claimant against a different mystery shopper firm.