Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 18, 2012, which ruled, among other things, that Market Force Information was liable for additional unemployment insurance contributions on remuneration paid to claimant and others similarly situated.
Market Force Information (hereinafter MFI) assists retailers in the evaluation of their sales practices by using mystery shoppers who pose as customers. Claimant worked for MFI as a mystery shopper. The Unemployment Insurance Appeal Board ruled that claimant and others similarly situated were employees of MFI, and MFI now appeals.
The existence of an employer-employee relationship is a factual issue for the Board to resolve and “turns on whether the purported employer exercises control over the results produced or, more importantly, the means by which those results are produced” (Matter of Medical Transcription Plus [Commissioner of Labor], 302 AD2d 689, 690 [2003]; see Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). Here, claimant signed up for assignments through MFI’s website and had the discretion to choose any assignment that he desired. Significantly, claimant could work as much or as little as he wanted, as evidenced by the fact that there were three-month periods in which he did not select any assignments because there were none that he found “worth [his] while.” MFI did not supervise claimant, provide him with employment reviews or training or reimburse him for travel expenses. At the same time that he *1147 performed mystery shopping services to MFI, claimant was also providing such services to other companies. MFI paid claimant a fixed fee for each assignment, and no taxes were withheld from that fee.
Although MFI required claimant to fill out a questionnaire for the benefit of the retailer regarding each assignment that he performed — which was reviewed by MFI to verify that the services were performed — this fact is “just as readily required of an independent contractor as of an employee” (Matter of Hertz Corp. [Commissioner of Labor], 2 NY3d 733, 735 [2004] [internal quotation marks and citation omitted]). Accordingly, inasmuch as we find that the requisite control is lacking, we reverse the Board’s decision (see Matter of Lee [Encore Nationwide Inc.—Commissioner of Labor], 127 AD3d 1399, 1400 [2015]; Matter of Jhaveri [Stacy Blackman Consulting, Inc.—Commissioner of Labor], 127 AD3d 1391, 1392 [2015]).* Finally, in contrast to Matter of Pozarycki (Customer Mktg. Servs.—Commissioner of Labor) (292 AD2d 661 [2002]), here, MFI did not send claimant assignments or reimburse him for travel expenses (see id. at 662).
Lahtinen, J.P., Garry, Egan Jr. and Devine, JJ., concur. Ordered that the decisions are reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court’s decision.

 This determination is consistent with our decision in Matter of Chan (Confero Consulting Assoc., Inc.—Commissioner of Labor) (128 AD3d 724 [2015] [appeal No. 518472, decided herewith]), a parallel appeal regarding mystery shopping services that claimant provided to another mystery shopper firm, in which many of the same facts were present.