# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  September 29, 2016          521188
_____

In the Matter of the Claim of
   EDUARDO RIVERA,
                Claimant,

     v

SUPERIOR LAUNDRY SERVICES,
   LLC,
                Respondent,        MEMORANDUM AND ORDER
     and

GUARANTEE INSURANCE COMPANY,
                Appellant.

WORKERS' COMPENSATION BOARD,
                Respondent.
_____

Calendar Date:  September 8, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Rose and Aarons, JJ.

_____

    Malapero & Prisco, LLP, New York City (Priya P. Patel of counsel), for appellant.

_____

Rose, J.

    Appeal from a decision of the Workers' Compensation Board, filed November 20, 2014, which ruled that the employer's workers' compensation policy was not properly canceled.

    Claimant was an employee of Brand Management Services, Inc. (hereinafter BMS), doing business as County Agency, Inc., a professional employer organization that assigned or leased claimant's services to its client employers (see generally Labor

Law art 31; 12 NYCRR 308.3 [g]; Tri-State Empl. Servs. v Mountbatten Sur. Co., 99 NY2d 476, 481-482 [2003]). After his services with County Agency ended on May 5, 2012, claimant was employed directly by one of County Agency's client employers, Superior Laundry Services, LLC (hereinafter the employer). In September 2012, claimant was injured while working for the employer, and he filed a claim for workers' compensation benefits. The case was controverted by Guarantee Insurance Company, BMS's designated workers' compensation carrier (hereinafter the carrier), on the grounds that, among other things, the policy that it had issued to BMS did not provide insurance coverage to the employer for its own direct employees, such as claimant, and that, in any event, the policy had been canceled in August 2012, prior to claimant's accident, due to a failure of BMS to pay the premiums owed. Following a hearing, a Workers' Compensation Law Judge determined that the carrier's policy covered the employer and that the policy had not been properly canceled due to the carrier's failure to comply with the notice requirements of Workers' Compensation Law § 54 (5). Upon administrative review, the Workers' Compensation Board affirmed, finding that the carrier failed to submit any proof of proper cancellation of the policy. The carrier now appeals.

We reverse. While the Board correctly determined that the carrier did not provide proper notice of its cancellation of the policy that it had issued to BMS, the Board failed to address the threshold question of whether the policy at issue provided workers' compensation insurance coverage to the employer at the time of claimant's accident. For the following reasons, we find that it did not.

Here, the insurance policy issued to BMS by the carrier included an additional insured endorsement, which unambiguously provided that the policy also applied to specifically named additional insured entities, "but only with respect to employees hired by and included on the payroll of the named insured while performing work for the [a]dditional [i]nsured[]" entities. County Agency is one of approximately 22 additionally insured entities listed in the policy's "Schedule of Named Insured." Significantly, however, the record evidence establishes that at the time of claimant's accident in September 2012, he was no

longer an employee of BMS and County Agency (cf. Labor Law § 922 [4]; Matter of RobsonWoese, Inc. [Commissioner of Labor], 42 AD3d 774, 775 [2007]; Matter of Crespo v State of New York, 41 Misc 3d 807, 809 [Ct Cl 2013]). Moreover, Superior Laundry Services was not included in the schedule of additionally insured entities under the carrier's insurance policy issued to BMS. Accordingly, the Board erred in finding that Guarantee Insurance Company is the proper carrier for the claim and in discharging the Uninsured Employers' Fund and removing it from notice.

Garry, J.P., Egan Jr., Lynch and Aarons, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court