Matter of Jun Wang v James (2022 NY Slip Op 04473)

Matter of Jun Wang v James

2022 NY Slip Op 04473

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

409 CA 21-01301

[*1]IN THE MATTER OF JUN WANG, M.D., PETITIONER-APPELLANT,
v
LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK, RESPONDENT-RESPONDENT. 

GALE, GALE & HUNT, LLC, SYRACUSE (ANDREW R. BORELLI OF COUNSEL), FOR PETITIONER-APPELLANT. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from a judgment (denominated order) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered August 11, 2021 in a proceeding pursuant to CPLR article 78. The judgment denied the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: This CPLR article 78 proceeding arises out of a medical malpractice action. Petitioner is a pathologist who is purported to have rendered a misdiagnosis upon reviewing a biopsy sample taken from an inmate in the custody of the Department of Corrections and Community Supervision (DOCCS). DOCCS had initially referred the inmate to a general surgeon who provided medical services to inmates of the prison where the inmate was incarcerated, pursuant to a contract with DOCCS. The general surgeon performed a biopsy on the inmate at Cortland Regional Medical Center (CRMC), and the biopsy sample was sent to petitioner's pathology laboratory services practice group for analysis.
After the inmate was subsequently diagnosed with Hodgkin's lymphoma, the inmate commenced an action against, inter alia, CRMC and the general surgeon, seeking damages for injuries caused by their failure to timely diagnose his cancer. In turn, CRMC commenced a third-party action against petitioner and his practice group, seeking indemnification and contribution. Thereafter, petitioner informed respondent of the third-party action, and sought defense and indemnification pursuant to Public Officers Law § 17 and Correction Law § 24-a. Respondent denied petitioner's application, concluding, inter alia, that DOCCS had not directly requested that petitioner undertake services to treat the inmate, and therefore the protections afforded under Public Officers Law § 17 and Correction Law § 24-a did not apply. Petitioner commenced this proceeding, seeking, inter alia, to annul pursuant to CPLR 7803 (3) respondent's determination that he was not entitled to defense and indemnification under Public Officers Law § 17 and Correction Law § 24-a. Petitioner appeals from a judgment denying the petition. We affirm.
"[J]udicial review of an administrative determination is limited to whether the administrative action is arbitrary and capricious or lacks a rational basis" (Matter of Green Thumb Lawn Care, Inc. v Iwanowicz, 107 AD3d 1402, 1403 [4th Dept 2013], lv denied 22 NY3d 866 [2014]; see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]), and such a determination is entitled to great deference (see Matter of Walker v State Univ. of N.Y. [Upstate Med. Univ.], 19 AD3d 1058, 1059 [4th Dept 2005], lv denied 5 NY3d 713 [2005]). A [*2]determination is arbitrary and capricious when it is made " 'without sound basis in reason or regard to the facts' " (Matter of Thompson v Jefferson County Sheriff John P. Burns, 118 AD3d 1276, 1277 [4th Dept 2014], quoting Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]). A court "must sustain the determination even if the court concludes that it would have reached a different result," so long as "the determination is supported by a rational basis" (Peckham, 12 NY3d at 431).
Public Officers Law § 17 (2) (a) and (3) (a) provide that the state shall defend and indemnify an "employee" in a civil action arising out of any alleged act or omission that occurred while the employee was acting within the scope of his or her public employment or duties (see also Matter of LoRusso v New York State Off. of Ct. Admin., 229 AD2d 995, 995-996 [4th Dept 1996]). As relevant here, Correction Law § 24-a applies Public Officers Law § 17 "to any person holding a license to practice a [specified] profession . . . , who is rendering or has rendered professional services authorized under such license while acting at the request of [DOCCS] or a facility of [DOCCS] in providing health care and treatment or professional consultation to incarcerated individuals of state correctional facilities, . . . without regard to whether such health care and treatment or professional consultation is provided within or without a correctional facility."
Here, there is no dispute that petitioner's licensed profession is covered by Correction Law § 24-a. Rather, respondent's determination denying defense and indemnification to petitioner hinged on respondent's conclusion that petitioner did not "render[ ] professional services . . . while acting at the request of [DOCCS]" (Correction Law § 24-a [emphasis added]). We conclude that respondent's determination that Correction Law § 24-a does not apply to petitioner is entitled to judicial deference because the relevant "question is one of specific application of a broad statutory term" (Matter of O'Brien v Spitzer, 7 NY3d 239, 242 [2006] [internal quotation marks omitted]). Specifically, respondent's determination that Correction Law § 24-a applies only where DOCCS has expressly requested the services of a particular health care provider "is a reasonable one" that "courts should not second-guess" (O'Brien, 7 NY3d at 242). Here, there is no evidence in the record supporting the conclusion that DOCCS ever expressly requested that petitioner perform pathology services on the biopsy sample (see generally id. at 243). Instead, petitioner's pathology services here were retained by CRMC, without any input from DOCCS. We reject petitioner's contention that the language in Correction Law § 24-a requiring that the professional services be rendered "at the request of [DOCCS]" in order to entitle the service provider to defense and indemnification also applies where DOCCS has impliedly requested a particular health care service.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court