Insurance Law §§ 3420(f)(2), 5106(b); N.Y.C.R.R §§ 11, 60-2.3(c), 11, 6-2.3(f)(11), 11, 60-2.4(b)(1), 11, 60-2.4(b)(2), 11, 60-2.4(b)(3), 11, 65-4.5(d)(1), 11, 65-4.5(d)(2), 11, 65-4.5(d)(3), 11, 65-4.5(d)(4); Public Officers Law §§ 17, 17(1)(a), 17(2)(a), 17(3)(a)

Members of the No-Fault Arbitrator Screening Committee and the Supplementary Uninsured/Underinsured Motorists Arbitrator Screening Committee are persons holding a position "by appointment" and are in "the service of the state" and thus are "employees" for purposes of section 17 and are eligible for defense and indemnification pursuant to Public Officers Law § 17.

February 10, 2023

Adrienne A. Harris
Superintendent
Department of Financial Services
One State Street, 20th Floor
New York, NY 10004

Formal Opinion
No. 2023-F1

Dear Superintendent Harris:

Department attorneys of the Office of General Counsel for Insurance have requested an opinion regarding whether the members of two arbitrator screening committees are eligible for defense and indemnification pursuant to section 17 of the Public Officers Law. For reasons that follow, we answer that question in the affirmative.

I.  Legal Framework of Arbitrator Screening Committees

A.  *The No-Fault Arbitrator Screening Committee*

The Comprehensive Motor Vehicle Insurance Reparations Act, the "no-fault" law, was enacted to establish a system of compensation for basic economic losses up to $50,000 suffered by injured parties arising out of the use and operation of motor vehicles without regard to fault or negligence. The statute provides that every motor vehicle insurer must provide a claimant with the option of submitting any dispute involving the settlement of first party benefits to arbitration in accordance with simplified procedures established and approved by the Superintendent of Financial Services. Insurance Law § 5106(b). The procedure for arbitrating such a dispute is governed by regulation. Under that procedure, the Superintendent appoints a six-member advisory committee, which reviews the qualifications of applicants to serve as no-fault arbitrator and the performance of the appointed arbitrators. 11 N.Y.C.R.R. § 65-4.5(d)(1). The No-Fault Arbitrator Screening Committee consists of one representative of the New York State Bar Association, one representative of the New York State Trial Lawyers Association, two representatives of the insurance

industry who are selected by another arbitration committee, a non-voting representative of the organization designated by the Superintendent to administer the arbitration process, and one non-voting representative of the Department of Finance Services. *Id.* The Committee makes recommendations to the Superintendent relating to the appointment and dismissal of no-fault arbitrators. *Id.* Tie votes are reported as such to the Superintendent. *Id.* The Committee is authorized to determine the experience necessary to qualify an applicant to review and resolve the issues involved in no-fault insurance disputes; the Committee also is authorized to establish qualifications for appointment as a no-fault arbitrator, subject to approval of the Superintendent, in addition to those established by regulation. 11 N.Y.C.R.R § 65-4.5(d)(2),(4). The Superintendent appoints no-fault arbitrators and forwards their names to the organization designated by the Superintendent to administer the arbitration process. 11 N.Y.C.R.R. § 65-4.5(d)(3).

B.  *Supplementary Uninsured/Underinsured Motorists (SUM) Arbitrator Screening Committee*

Insurance Law § 3420(f)(2) requires every motor vehicle liability insurer to offer supplementary uninsured and underinsured motorist (SUM) insurance coverage to New York policyholders. The Superintendent has adopted regulations implementing the administration of section 3420(f)(2), including the establishment and administration of an optional arbitration process. 11 N.Y.C.R.R. §§ 60-2.3(c),(f)(11). By regulation, the Superintendent appoints a six-member advisory committee, which reviews the qualifications of applicants for the position of SUM arbitrator and the performance of the appointed arbitrators. 11 N.Y.C.R.R. § 60-2.4(b)(1). The SUM Arbitrator Screening Committee consists of one representative of the New York State Bar Association, one representative of the New York State Trial Lawyers Association, two representatives of motor vehicle insurers, a non-voting representative of the organization designated by the Superintendent to administer the arbitration process, and one non-voting representative of the Superintendent. *Id.* The SUM Committee makes recommendations to the Superintendent relating to the appointment and dismissal of SUM arbitrators. *Id.* Tie votes are reported as such to the Superintendent. *Id.* The Committee assists the Superintendent in determining the experience necessary to qualify an applicant to review and resolve the issues involved in SUM insurance disputes. The Committee also is authorized to establish qualifications for appointment as a SUM arbitrator, subject to approval of the Superintendent, in addition to those established by regulation. 11 N.Y.C.R.R. § 60-2.4(b)(2). Based on the SUM Committee's recommendations, the Superintendent appoints SUM arbitrators and forwards their names to the organization designated by the Superintendent to administer the arbitration process. 11 N.Y.C.R.R. § 60-2.4(b)(3).

Department attorneys have explained that members of both Committees are not compensated for their work but are eligible for reimbursement of their actual and necessary expenses incurred while performing their duties. The expenses are paid by the designated organization as part of the arbitration process that is financed by the insurance industry.

II.     Public Officers Law § 17

Public Officers Law § 17 provides authority for the defense and indemnification of an employee of the State. *Matter of O'Brien v. Spitzer*, 7 N.Y.3d 239 (2006). "Employee" is a term of art defined in subdivision (1)(a) of section 17 as any person "holding a position by election, appointment or employment in the service of the state, . . . whether or not compensated, or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but shall not include an independent contractor." Public Officers Law § 17(1)(a). Under section 17, upon compliance by the employee with certain specified procedural requirements,

> the state shall provide for the defense of the employee in any civil action or proceeding in any state or federal court arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred while the employee was acting within the scope of his public employment or duties . . . . This duty to provide for a defense shall not arise where such civil action or proceeding is brought by or on behalf of the [S]tate.

*Id.* § 17(2)(a). The statute provides for indemnification in the amount of any judgment obtained against the employee in any state or federal court or in the amount of any settlement of a claim, if the act or omission from which the judgment or settlement arose occurred while the employee was acting within the scope of his or her employment and not from intentional wrongdoing. *Id.* § 17(3)(a).

Thus, the crucial question is whether the individual is an "employee" of the State within the meaning of section 17. If so, then such individual is eligible for defense and indemnification by the State. And that question distills to whether the members "hold[ ] a position by election, appointment or employment in the service of the state . . . whether or not compensated." Id. § 17(1)(a).

In our opinion, the members of both Arbitrator Screening Committees are persons holding a position "by appointment" and are in "the service of the state" and thus are "employees" for purposes of section 17. First, each member is appointed by a state officer—in this instance, the Superintendent of Financial Services—a factor that we have found relevant to section 17 determinations in the past. *See* Op. Att'y

Gen. No. 96-F9 (members of regional service councils who were designated by Commissioner of Health covered by section 17); Op. Att'y Gen. No. 89-F2 (members of local emergency committees appointed by Executive Department covered by section 17); Op. Att'y Gen. No. 88-F10 (members of Lake George Park Commission appointed by Governor with Senate consent covered by section 17).

Second, the Arbitrator Screening Committees were established as entities within the Department of Financial Services, an administrative department of the State, another factor indicating that its members are in the service of the State. Op. Att'y Gen. (Inf.) No. 88-F10 (Lake George Park Commission created within Department of Environmental Conservation). The Committees have no status independent of the State. *Compare* Op. Att'y Gen. No. 99-F4 (members of Deferred Compensation Board eligible for section 17 coverage) *with* Op. Att'y Gen. No. 91-F3 (members of Harlem International Trade Center Corporation not eligible for section 17 coverage).

Third, the Committees, performing their duties on behalf of the Superintendent, serve a discrete but integral function in the State's program of regulating property and casualty insurance: the State, through the Department of Financial Services, uses the expertise and experience of the Committees' members, who include representatives of the insurance and dispute resolution industries, to develop and review standards for selecting the individuals who will arbitrate insurance disputes.

For these reasons, we are of the opinion that the members of No-Fault Arbitrator Screening Committee and the SUM Arbitrator Screening Committee are eligible for defense and indemnification pursuant to Public Officers Law § 17.

Very truly yours,

LETITIA JAMES
Attorney General