In the Matter of the Claim for Benefits under Article 18 of the Labor Law, Made by ELIAS D. WAROSHILL, Claimant.

COLUMBIAN PROTECTIVE ASSOCIATION, Appellant; FRIEDA S. MILLER, as Industrial Commissioner of the State of New York, Respondent.

Third Department, March 18, 1942.

*John A. Millener*, for the appellant.

*John J. Bennett, Jr., Attorney-General* [*W. Gerard Ryan* and *Francis R. Curran, Assistant Attorneys-General*, of counsel], for the respondent.

SCHENCK, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, pursuant to section 535 of the Labor Law. The Appeal Board has affirmed a referee's decision which holds that claimant is an employee of appellant and is entitled to unemployment insurance benefits.

Claimant was an insurance salesman. He solicited applications for insurance from individuals not only on behalf of this appellant but also on behalf and as agent of two other companies, North American Accident and Health Insurance Company and Metropolitan Life Insurance Company. His testimony, furthermore, was that the main part of his business was on behalf of North American Accident and Health Company. Upon the termination of his representation of appellant, claimant did not become unemployed. He still solicited insurance for the two other companies.

Claimant's remuneration from all three insurance companies was on a commission basis. He had no fixed hours or territory. He solicited when and where he could and was not even required to make periodical reports to appellant's office. His business was

to get applications for insurance, and, upon their acceptance by appellant, to collect premiums, deduct his commissions and remit the balance to the company. He had no office and did not use the office of appellant in any way in his soliciting. He was not under appellant's control either as to time or method of salesmenship. From all that appears from the testimony he could have represented a dozen companies or held one or more jobs wholly aside from the insurance business and it would have been agreeable to appellant. Appellant was interested only in the policies sold by claimant.

From the foregoing brief outline of the nature of claimant's business it seems clear that he was not an employee but was actually an independent contractor. This is in line with the decisions in analogous situations both by this court and the Court of Appeals. *Matter of Fidel Assn. of New York, Inc.* (259 App. Div. 486; affd., 287 N. Y. 626), dealt with the liability of a corporation to make unemployment insurance contributions on behalf of its bond salesmen. Their duties were similar to those of this applicant insurance salesman. They, too, worked on behalf of persons other than the bonding company. They had discretion as to where and when to work similar to that of applicant. They were paid on a commission basis. This court held them to be independent contractors, which decision was affirmed by the Court of Appeals. The same ruling must be made here.

Another and more recent decision of this court supports this viewpoint. In *Matter of Sullivan Co., Inc.* (263 App. Div. 162) we held that a real estate salesman was an independent contractor. Again, the facts were similar to those here. Indeed, in that case, there was a somewhat remote element of control that does not appear here. In the *Sullivan* case, lists of available property were given to the salesmen. In the instant case, not even this contract between the appellant and the claimant existed.

The Unemployment Insurance Appeal Board, furthermore, had previously in numerous cases held that persons such as claimant were independent contractors. This precise ruling was made in the following unreported decisions of the Board: *Matter of Monarch Life Ins. Co.* (Case #3037–40); *Matter of Mutual Life Ins. Co. of New York* (Case #2981–40, E-354–39); *Matter of F. H. Meeker* (Appeal #825–39); *Matter of New England Mutual Life Ins. Co.* (Appeal #3649–40). There is no basis in law or fact for the change in the Board's policy as indicated by its decision in the instant case.

The decision of the Unemployment Insurance Appeal Board should be reversed on the law, with costs, and this court should determine that claimant is an independent contractor.

HILL, P. J., CRAPSER, HEFFERNAN and FOSTER, JJ., concur.

Decision reversed on the law, with costs.