*726 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The decision of the Unemployment Insurance Appeal Board that an employment relationship exists between Ted Is Back Corporation and its salespeople is not supported by substantial evidence in the record. Although a determination that an employer-employee relationship exists may rest upon evidence that the employer exercises either control over the results produced or over the means used to achieve the results (Matter of 12 Cornelia St. [Ross], 56 NY2d 895, 897; Matter of Sullivan Co. [Miller], 289 NY 110, 112), control over the means is the more important factor to be considered. Thus, incidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship.
The administrative law judge emphasized the importance of the fact that the salespeople acted as agents for the corporation and that the corporation retained the right to approve the final price negotiated by them. That these salespeople acted as agents cannot be decisive, for this is equally true where salespeople are determined to be independent contractors (see, e.g., Matter of Levine [Miller], 258 App Div 1023, affd 283 NY 577; Matter of Waroshill, 263 App Div 546). Nor is approval of price determinative for this is no more than the kind of incidental control over results that is “a necessarily wise business decision” (Matter of Green Engraving Corp. [Roberts], 95 AD2d 904, 905). Here, the evidence does not support a finding of control over the means of achieving the results. The salespeople worked at their own convenience, were free to hold outside employment and were not limited to any particular territory. They were not reimbursed for expenses and received no salary or drawing account, but were paid strictly on a commission basis. No taxes were withheld from their compensation. The corporation sometimes provided its salespeople with leads to potential sales, but when the sale resulted, 10% of the contract price was deducted before computing the salesperson’s commission to compensate the corporation for the lead. That it provided leads and retained the right to approve the contract price and supplied form contracts for their use does not constitute substantial evidence to sustain the Unemployment Insurance Appeal Board’s decision (Matter of 12 Cornelia St. [Ross], supra; Matter of Sullivan Co. [Miller], supra).
*727 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.