*897 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, the operator of a tractor trailer, delivered a shipment of rice to defendant, a wholesale and retail grocer in New York City. Defendant grocer engaged three neighborhood men to help unload the trailer. During the unloading, one of the three individuals got into an altercation with plaintiff, resulting in personal injuries.
The alleged tortfeasor came and went as he and his companion pleased, worked at their own convenience, were free to hold other employment, were never placed on defendant’s payroll, received no fringe benefits, and had no taxes withheld from the flat rate, single payment for all three. Defendant paid $80 in cash to one of the three workers and left it up to them to divide the payment. While they had performed other unloading tasks for defendant previously, they did so on a random, on-inquiry-for-work basis. In the circumstances of this case, defendant did not exercise actual or constructive control over the performance and manner in which the work of these unloaders was performed. We agree with the Appellate Division that this record does not support the existence of any question of fact that could lead to the conclusion that defendant supervised these day laborers’ activities for vicarious liability purposes. Also, in the circumstances of this case, there is no duty to conduct background inquiries in the selection of individuals for this as-needed task.