■ CLAIRE DEVLIN et al., Respondents, v CITY OF NEW YORK et al., Respondents, and CHARGE A RIDE AND CAR COMPANY, INC., Appellant. [678 NYS2d 102] —Order, Supreme Court, New York County (Louis York, J.), entered January 8, 1998, which denied the motion of defendant Charge A Ride and Car Company, Inc. (Charge A Ride) for summary judgment dismissing the complaint, affirmed, without costs.

This action for personal injury is brought by plaintiffs against, *inter alia*, defendant Charge A Ride, a car dispatch company, to recover damages for injuries allegedly suffered as a result of an accident involving two Charge A Ride cars.

Since the record presents a question of fact about the nature of the relationship between Charge A Ride and the individual defendants, we find that summary judgment dismissing the complaint against Charge A Ride was properly denied. While there are a number of factors that have been identified by the courts as entering into a determination as to when a relationship such as the one presented here will give rise to vicarious liability, the most crucial one is control over the results produced or the means used to achieve the results (*Matter of Field Delivery Servs. [Roberts]*, 66 NY2d 516, 521).

Here, the record reveals that Charge A Ride requires that its drivers drive Lincoln Town Cars that are less than 6 years old, that they wear white shirts and ties, that they display the company name and logo in their vehicles in an open and obvious manner, that they take a three-day orientation course taught by Charge A Ride personnel, that they pay membership dues, that they charge fares set by Charge A Ride, that they carry certain insurance policy limits set by Charge A Ride, that they follow the Charge A Ride By-Laws and Working Rules, and that they maintain their vehicles to specific standards. Moreover, Charge A Ride determines which driver will pick up a specific fare, has the power to terminate a driver's membership, maintains the customer accounts, and pays the drivers, with Charge A Ride checks, from which Charge A Ride deducts its commission, based on vouchers issued to customers by Charge A Ride and then collected by drivers from their passengers. While, as the dissent points out, there are also a number of factors militating against a finding of sufficient

control by Charge A Ride to give rise to vicarious liability, the resolution of that issue is for a jury.

Furthermore, an additional factor that should be considered in regard to whether vicarious liability is appropriate is whether Charge A Ride held itself out to the public as being the employer of its drivers. The evidence presented in this matter is sufficient to create a question of fact as to whether the requirements imposed by Charge A Ride were likely to create such an impression. It is not impossible to imagine that one of the reasons that an individual would use a service such as Charge A Ride rather than hailing a cab would be the impression that it could rely on the fact that a long-standing firm would be adequately insured, and could not remain in business without taking steps to minimize accidents and thereby minimize its liability. Of course, if that firm in fact is not liable for those accidents, such reliance would be misplaced. Thus, among the factors that a jury should consider is whether this company has held itself out to the public as an employer that is presumably adequately insured, even though it is in fact merely in the business of sending over an individual driver who alone bears responsibility for his or her potential negligence. Concur—Ellerin, Williams and Mazzarelli, JJ.

Sullivan, J. P., and Andrias, J., dissent in a Memorandum by Andrias, J., as follows: I would grant the motion of defendant Charge A Ride and Car Company, Inc. (Charge & Ride) for summary judgment dismissing the complaint and all cross-claims or any other claims alleged against it.

Plaintiff Claire Devlin was standing on a median divider at East 53rd Street and Park Avenue when two cars collided, causing one of the cars to jump the curb and strike her. Both cars were being driven for Charge & Ride, a car dispatch company. One car was owned and operated by defendant Seoharak Ramharak and the other was owned by defendant Wajid Ali Bhatti and driven by defendant Rameez Ali Butti.

The question presented is whether the drivers of the cars were independent contractors or employees of Charge & Ride. The answer is determinative of the issue of Charge & Ride's vicarious liability.

While determination of such issue typically involves a question of fact as to which party controls the means and methods by which the work is to be done (*Matter of Morton*, 284 NY 167), where, as here, the proof on the issue of control presents no conflict in evidence, the matter may properly be determined as a matter of law (*Crage v Kissing Bridge Ski Area*, 186 AD2d 987, 988, *lv denied* 81 NY2d 702).

Essential to the determination of whether an individual is an employee is the issue of whether the employer has the right to order and control the individual in the performance of his or her work, including the right to direct the mode and manner of the work. Absent such showing of control, there is no basis to find the existence of a master-servant relationship (*DeFeo v Frank Lambie, Inc.*, 146 AD2d 521).

The evidence in support of Charge & Ride's motion established that it is part of the "black car" industry providing radio-dispatched livery service to customers. It is a membership co-operative, i.e., owned and operated by its members, the shareholders in Charge & Ride. The officers and directors of Charge & Ride are members elected at the annual meeting of Charge & Ride shareholders. In August 1997, the market price for membership was $30,000. All members of Charge & Ride own a membership interest and are stockholders in Charge & Ride, which entitles them to the use of a two-way radio to receive radio calls in order to provide car service to customers. All Charge & Ride members are required to provide their own vehicles, drivers and insurance. Members are required to purchase or lease a Lincoln Town Car. The members are also required to pay for, *inter alia*, their own tolls, parking, gas and repair expenses; they have no health insurance coverage or pension plan; and, Charge & Ride does not pay for Workers' Compensation coverage. If members violate the company rules, they are required to appear before a committee of members, which determines the penalty for their actions.

Charge & Ride members can work whenever and whatever hours they wish and have no assigned territory. Calls are received from customers and are dispatched via two-way radio to the members, who then signal their interest. Drivers are then assigned to the various calls on a first come, first served basis. Once a driver has been assigned a call, he or she drives whatever route he or she and the customer deem appropriate. The fares are predetermined according to the points where the customer is picked up and dropped off.

Customers pay the drivers with vouchers that they then submit to Charge & Ride. Thereafter, the members receive a check from Charge & Ride for the full amount of the ride minus membership dues of $40 per week and an 18% fee, which is used to pay Charge & Ride's dispatchers, secretaries and telephone operators, its telephone bill and the costs of running its office; however, no taxes are deducted. Instead, members receive IRS 1099 forms at the end of each year. If the driver is paid in cash, he receives the full amount, with no deduction or payment required to the company.

Plaintiff opposed the motion on the ground that material issues of fact existed as to whether the drivers were employees of Charge & Ride and submitted the deposition testimony of the president of Charge & Ride, who testified that the rules and regulations of Charge & Ride are contained in the company's bylaws and in the working rules. If a member violates these rules, his or her membership can be terminated by the aforementioned committee. He also testified that all of Charge & Ride's members owned or leased their own Lincoln Town Cars, which were required to be less than six years old, preferably black, and to bear logos and magnetic signs identifying them as Charge & Ride cars. Although not required to wear a uniform, all drivers were required to be presentable; i.e., "no jeans, a white shirt and tie." The president further testified that the members of Charge & Ride were owners of the corporation and not employees, but admitted that on a number of occasions Charge & Ride had lost before the Workers' Compensation Board on the issue of its members' status as employees.

Such opposition is insufficient to establish a material issue of fact with respect to the employment status of Charge & Ride's members. Although members interested in answering calls dispatched by Charge & Ride agreed to certain basic standards of dress, conduct and rules of operation, such rules and standards related to largely incidental matters and constituted the exercise of only general supervisory powers over Charge & Ride's members (see, *Irrutia v Terrero*, 227 AD2d 380; *see also, Matter of Bishai*, 208 AD2d 1103; *compare, Matter of Scott v Manzi Taxi & Transp. Co.*, 179 AD2d 949, *lv denied* 80 NY2d 752).

The fact that on a number of occasions Charge & Ride's drivers may have been successful in obtaining Workers' Compensation benefits is insufficient by itself to raise a material issue of fact as to their status as independent contractors. As this Court noted, in *Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.* (101 AD2d 730, 730-731), an unemployment insurance case: "[I]n *Board v Hearst Pubs.* (322 US 111), the Supreme Court stated that common-law tests and technical concepts do not control with regard to social legislation, so that an individual may be an independent contractor for the purposes of imposing vicarious liability, say, in tort, and an employee for purposes of a particular social legislation." (*See also, Matter of Clumber Transp. Corp. [Workers' Compensation Bd.]*, 160 AD2d 1186 [common-law employment relationship irrelevant; amendments to Workers' Compensation Law were

designed to resolve a perceived social problem relating to taxicab drivers by creating a newly defined statutory employment relationship requiring expanded Workers' Compensation Coverage].) In this regard, the record includes the July 23, 1987 decision of an unemployment insurance Administrative Law Judge, which held, on virtually identical facts, that Charge & Ride was not responsible for an assessment of unemployment insurance contributions inasmuch as Charge & Ride was a servant of its member-drivers and not their master, and their relationship was not employment for purposes of the Unemployment Insurance Law (Labor Law art 18).

Moreover, plaintiffs' claim that Charge & Ride drivers believe that they are employees of Charge & Ride is a strained interpretation of the deposition testimony of the three individual defendants. When asked "Who were you employed by?", defendant Ramharak, the owner and driver of one car, replied, "Charge and Ride." Defendant Bhatti, the owner of the other car, testified that he was a member of Charge & Ride and owned shares, "but I no work, my brother work." When asked "Are you yourself an employee of Charge & Ride?", he replied, "I am not. My brother work only. Q. Do you consider your brother an employee of Charge & Ride? A. I am too, but I am not working. Sometimes I drive myself." His brother, defendant Butti, the driver of the other car, when asked "[A]re you employed?", replied through an interpreter, "I work in Charge & Ride." Such testimony does not create a genuine issue of fact inasmuch as the distinction between the status of an employee and an independent contractor is a legal one not readily understandable to laymen and it is clearly understandable that a person who is being asked essentially pedigree questions and who has no reason to consider the distinction to be crucial, might use the term "employee" even though the term "independent contractor" would have been more accurate (*Matusewicz v Motion Mktg.*, 161 AD2d 620, 621).