■ REDA ABOUZEID et al., Appellants, v MATE GRGAS, Defendant, and TEL-A-CAR OF NEW YORK, LLC, Respondent. [743

NYS2d 165] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lisa, J.), dated May 14, 2001, as granted that branch of the motion of the defendant Tel-A-Car of New York, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Reda Abouzeid allegedly was struck and injured by a limousine owned and operated by the defendant Mate Grgas. The plaintiffs seek to recover damages from Grgas and the defendant Tel-A-Car of New York, LLC (hereinafter Tel-A-Car), which they allege was Grgas' employer. The Supreme Court granted Tel-A-Car's motion for summary judgment dismissing the complaint insofar as asserted against it, finding that Tel-A-Car was not Grgas' employer, but that Grgas was an independent contractor. We affirm.

Tel-A-Car operates a for hire vehicle base station. Its drivers are franchisees who receive radio dispatches to pick up customers, some of whom maintain accounts with Tel-A-Car. The drivers are free to reject dispatches. Tel-A-Car does not own or lease any of its drivers' cars. The drivers set their own hours and are free to work for other services. The drivers purchase their own gasoline and EZ Passes, maintain their own insurance, are responsible for the maintenance of their limousines, and may even hire drivers to work for them. The drivers retain 100% of the cash payments from customers, while Tel-A-Car earns a processing fee and a percentage of fares from passengers who pay by credit cards or via vouchers. Tel-A-Car withholds no taxes. Tel-A-Car provides new drivers with a brief training session, but thereafter the drivers' conduct is governed by independent committees.

The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration (see Matter of Ted Is Back Corp., 64 NY2d 725). On this record, we agree with the Supreme Court's determination that Tel-A-Car demonstrated its prima facie entitlement to summary judgment by establishing that it exercised only incidental control over Grgas that was insufficient to give rise to an employment relationship (see Irrutia v Terrero, 227 AD2d 380; see also Matter of Jarzabek [Carey Limousine, N.Y.— Commissioner of Labor], 292 AD2d 668; Matter of Rukh [Bat-

*tery City Car & Limousine Serv.—Hudacs],* 208 AD2d 1105; *Matter of Pavan [UTOG 2-Way Radio Assn.—Hartnett],* 173 AD2d 1036; *cf. Devlin v City of New York,* 254 AD2d 16). In opposition, the plaintiffs failed to demonstrate the existence of any genuine issues of fact.

The plaintiffs rely upon a line of cases from the Appellate Division, Third Department, holding that limousine drivers were, in fact, employees for workers' compensation purposes (*see Matter of Jhoda v Mauser Serv.,* 279 AD2d 853; *Matter of Qavi v UTOG 2-Way Radio,* 252 AD2d 719; *Matter of Banful v Skyline Credit Ride,* 222 AD2d 871; *Matter of Savino v UTOG 2-Way Radio,* 215 AD2d 964; *Matter of Le Fevre v Tel-A-Car of N.Y.,* 198 AD2d 658; *Matter of Weingarten v XYZ Two Way Radio Serv.,* 183 AD2d 964; *Matter of Kurzyna v Communicar, Inc.,* 182 AD2d 924). The Appellate Division, Third Department has exclusive jurisdiction over such matters (*see* Workers' Compensation Law § 23; *Matter of Empire Ins. Co. v Workers' Compensation Bd.,* 201 AD2d 425). That Court has also found limousine drivers to be employees in certain unemployment insurance matters (*see Matter of De Paiva [Olympic Limousine],* 270 AD2d 534; *Matter of Kidder [Classic Airport Share-Ride],* 255 AD2d 852; *Matter of Jarzabek [NYC Two Way],* 235 AD2d 878). However, each of these cases turned on their particular facts, and raised issues of whether substantial evidence supported administrative determinations. The instant matter arises in a different procedural context and is not materially distinguishable from *Irrutia v Terrero (supra),* where this Court found that a limousine driver was not an employee.

In any event, "common-law tests and technical concepts do not control with regard to social legislation, so that an individual may be an independent contractor for the purposes of imposing vicarious liability, say, in tort, and an employee for purposes of a particular social legislation" (*Commissioners of State Ins. Fund v Lindenhurst Green & White Corp.,* 101 AD2d 730, 730-731; *see N.L.R.B. v Hearst Publs.,* 322 US 111; *Devlin v City of New York,* 254 AD2d at 19 [Andrias, J., dissenting]).

This Court's recent decision in *Akgul v Prime Time Transp.* (293 AD2d 631) is not to the contrary. The legal issue in controversy there was whether a National Labor Relations Board determination that a limousine driver was an employee was entitled to collateral estoppel effect in a personal injury action. We held that it was not because the issue was a mixed question of law and fact that was not entitled to preclusive effect. However, the facts of the franchisee's employment status were not under review. In the instant case, Tel-A-Car demon-

strated, as a matter of law, that Grgas was not its employee. As the plaintiffs failed to rebut Tel-A-Car's prima facie showing, the Supreme Court properly granted Tel-A-Car's motion for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiffs' remaining contentions are without merit. Altman, J.P., S. Miller, McGinity and Schmidt, JJ., concur.