(September 13, 2011)

■ JACOB BARAK et al., Respondents, v KEVIN CHEN, Defendant, and CARMEL CAR AND LIMOUSINE SERVICE, INC., et al., Appellants. [929 NYS2d 315]—

In this consolidated action, the plaintiffs allege that they sustained injuries while they were passengers in a vehicle owned and operated by the defendant Kevin Chen. The plaintiffs commenced this action seeking to recover damages from Chen, as well as from Chen's purported employer, the defendant Carmel Car and Limousine Service, Inc. (hereinafter Carmel), and Fast Operating Corp., a corporation doing business as Carmel Car and Limousine (hereinafter Fast Operating), and the principal of Fast Operating, Avik Kabessa (hereinafter collectively the Carmel defendants). The Carmel defendants moved, in effect, for summary judgment dismissing the complaint insofar as asserted against them, contending that they were not vicariously liable for Chen's actions because he was an independent contractor, not their employee. In an order entered December 22, 2009, the Supreme Court denied that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Carmel, but made no determination as to the branches of the motion relating to Fast Operating and Kabessa. The Carmel defendants moved for leave to reargue.

In an order dated June 28, 2010, the Supreme Court, inter alia, denied their motion for leave to reargue with respect to Carmel, awarded Kabessa summary judgment dismissing the complaint insofar as asserted against him, and denied such relief to Fast Operating. The Carmel defendants appeal from both orders.

"[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results. Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003] [citations omitted]; *see Araneo v Town Bd. for Town of Clarkstown*, 55 AD3d 516, 519 [2008]). "[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (*Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *see Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622 [2011]; *Parisi v Loewen Dev. Corp.*, 5 AD3d 646 [2004]). "Where the proof on the issue of control presents no conflict in evidence or is undisputed, the matter may properly be determined as a matter of law" (*Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d 334, 335 [1999]).

Carmel and Fast Operating submitted evidence showing that persons driving for Carmel, such as Chen, owned and maintained their own vehicles, paid for their own automobile insurance, received no salary but only retained a percentage of the fares and all of the tips, scheduled their own working hours, had discretion to reject dispatches, and were not provided with W-2 statements. Such evidence established, prima facie, that they were entitled to judgment as a matter of law, as they did not exercise sufficient control over Chen's work to give rise to their liability under the doctrine of respondeat superior (*see Pinto v TWR Express Corp.*, 22 AD3d 481 [2005]; *Kuchinski v Charge & Ride, Inc.*, 21 AD3d 1062, 1064 [2005]; *Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]; *Irrutia v Terrero*, 227 AD2d 380 [1996]; *see also Bynog v Cipriani Group*, 1 NY3d at 198-199).

In opposition, the plaintiffs submitted evidence showing, inter alia, that Chen believed he was required to wear a Carmel uniform, that Carmel required Chen's vehicle to bear its logo, that Carmel publicly referred to its drivers as "our drivers," and that on the date of the accident, the plaintiffs used a coupon

issued by Carmel. Under the circumstances, such evidence was insufficient to raise a triable issue of fact as to whether Chen was an employee of Carmel and/or Fast Operating (*see Holcomb v TWR Express, Inc.*, 11 AD3d 513 [2004]; *Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d at 335; *Irrutia v Terrero*, 227 AD2d at 381; *cf. Carrion v Orbit Messenger*, 82 NY2d 742, 744 [1993]; *Halpin v Hernandez*, 51 AD3d 724, 725 [2008]; *Meyer v Martin*, 16 AD3d 632, 634 [2005]).

Finally, we decline the plaintiff's invitation to adopt the reasoning of the Appellate Division, First Department, in *Devlin v City of New York* (254 AD2d 16 [1998]), that an "additional factor that should be considered in regard to whether vicarious liability is appropriate is whether [the defendant car service company] held itself out to the public as being the employer of its drivers" (*id.* at 17). While we have cited *Devlin* in several of our decisions (*see Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622 [2011]; *Holcomb v TWR Express, Inc.*, 11 AD3d 513 [2004]; *Abouzeid v Grgas*, 295 AD2d 376 [2002]), we did so in connection with its holding that the most crucial factor for determining when a relationship gives rise to an employer-employee relationship is control over the results produced or the means used to achieve the results. We do not believe that whether Carmel and Fast Operating held themselves out as the employer of their drivers is probative of whether they controlled the results produced or the means used to achieve those results.

Accordingly, the Supreme Court should have awarded summary judgment dismissing the complaint insofar as asserted against Carmel and Fast Operating. Covello, J.P., Belen, Hall and Cohen, JJ., concur. **[Prior Case History: 25 Misc 3d 1244(A), 2009 NY Slip Op 52583(U).]**