■ DENISE STANTON et al., Respondents, v OCEANSIDE UNION FREE SCHOOL DISTRICT, Also Known as OCEANSIDE PUBLIC SCHOOLS, et al., Appellants, and AFFORDABLE INFLATABLES AND ENTERTAINMENT, INC., et al., Respondents, et al., Defendant. (Action No. 1.) CATHLEEN HUGHES et al., Respondents, v AFFORDABLE INFLATABLES AND PARTY RENTALS, INC., et al., Respondents, and OCEANSIDE UNITED SOCCER CLUB, INC., et al., Appellants. (Action No. 2.) JEFFREY GREEN et al., Respondents, v AFFORDABLE INFLATABLES & ENTERTAINMENT, INC., et al., Respondents, and OCEANSIDE UNITED SOCCER CLUB, INC., Appellant. (Action No. 3.) CHRISTINA MARRA et al., Respondents, v AFFORDABLE INFLATABLES AND PARTY RENTALS, INC., Doing Business as AFFORDABLE INFLATABLES, Respondent, and OCEANSIDE UNION FREE SCHOOL DISTRICT et al., Appellants. (Action No. 4.) RHONA COHEN, Respondent, v AFFORDABLE INFLATABLES AND PARTY RENTALS, INC., et al., Respondents, and OCEANSIDE

UNITED SOCCER CLUB, INC., Appellant. (Action No. 5.) [32 NYS3d 620]—

In five related actions to recover damages for personal injuries, etc., which were joined for discovery and pretrial motion practice, (a) the defendants Oceanside Union Free School District, also known as Oceanside Public Schools, and Oceanside United Soccer Club appeal, as limited by the appellants' brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated April 10, 2014, as denied those branches of their motion which were for summary judgment dismissing the complaint and the cross claims for contribution and common-law indemnification insofar as asserted against them, and the cross claim for contractual indemnification insofar as asserted against the defendant Oceanside United Soccer Club, in action No. 1, (b) the defendants Oceanside Union Free School District and Oceanside United Soccer Club, Inc., appeal, as limited by the appellants' brief, from so much of the same order as denied those branches of their motions which were for summary judgment dismissing the complaint and the cross claims for contribution and common-law indemnification insofar as asserted against them, and the cross claim for contractual indemnification insofar as asserted against the defendant Oceanside United Soccer Club, Inc., in action Nos. 2 and 4, respectively, and (c) the defendant Oceanside United Soccer Club, Inc., appeals, as limited by the appellants' brief, from so much of the same order as denied those branches of its motions which were for summary judgment dismissing the complaint and the cross claims for contribution, common-law indemnification, and contractual indemnification insofar as asserted against it in action Nos. 3 and 5, respectively.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiffs-respondents appearing separately and filing separate briefs and the defendants-respondents, those branches of the motion of the defendants Oceanside Union Free School District, also known as Oceanside Public Schools, and Oceanside United Soccer Club which were for summary judgment dismissing the complaint and the cross claims for contribution and common-law indemnification insofar as asserted against them, and the cross claim for contractual indemnification insofar as asserted against the defendant Oceanside United Soccer Club, in action No. 1, are granted, those branches of the motions of the defendants Oceanside Union Free School District and Oceanside

United Soccer Club, Inc., which were for summary judgment dismissing the complaint and the cross claims for contribution and common-law indemnification insofar as asserted against them, and the cross claim for contractual indemnification insofar as asserted against the defendant Oceanside United Soccer Club, Inc., in action Nos. 2 and 4, respectively, are granted, and those branches of the motions of the defendant Oceanside United Soccer Club, Inc., which were for summary judgment dismissing the complaint and the cross claims for contribution, common-law indemnification, and contractual indemnification insofar as asserted against it in action Nos. 3 and 5, respectively, are granted.

In these five related actions, the plaintiffs seek to recover damages based upon personal injuries allegedly sustained when one or more inflatable rides became airborne and struck several of the plaintiffs at a soccer festival held by the defendant Oceanside United Soccer Club, Inc., also sued herein as Oceanside United Soccer Club in action No. 1 (hereinafter the Soccer Club). The festival was held at school athletic fields owned by the defendant Oceanside Union Free School District, also sued herein as Oceanside Union Free School District, also known as Oceanside Public Schools, in action No. 1 (hereinafter the School District). The Soccer Club rented inflatable rides used at the festival from the defendant Affordable Inflatables and Party Rentals, Inc., also sued herein as Affordable Inflatables & Party Rentals, Inc., in action No. 3, and Affordable Inflatables and Party Rentals, Inc., doing business as Affordable Inflatables, in action No. 4 (hereinafter AI). AI delivered the inflatable rides, set them up, and staffed them.

Through various motions, the Soccer Club or the Soccer Club and the School District moved for summary judgment dismissing the complaint and the cross claims insofar as asserted against it, or them, in each action. In an order dated April 10, 2014, the Supreme Court denied those branches of the motions which were for summary judgment dismissing the complaints insofar as asserted against each of them, denied those branches of the motions which were for summary judgment dismissing the cross claims for contribution and common-law indemnification insofar as asserted against each of them, and denied those branches of the motions which were for summary judgment dismissing the cross claims for contractual indemnification insofar as asserted against the Soccer Club.

The Soccer Club was entitled to summary judgment dismissing the complaints and the cross claims for contribution and common-law indemnification insofar as asserted against it. "As

a general rule, one who hires an independent contractor may not be held liable for the independent contractor's negligent acts" (*Sanchez v 1710 Broadway, Inc.*, 79 AD3d 845, 846 [2010]; *see Kleeman v Rheingold*, 81 NY2d 270, 273 [1993]; *Stagno v 143-50 Hoover Owners Corp.*, 48 AD3d 548, 549 [2008]). In opposition to the Soccer Club's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs and the codefendants failed to raise a triable issue of fact. Although one exception to the above-stated independent contractor rule is the nondelegable duty exception applicable where the party is under a duty to keep premises safe (*see Horowitz v 763 E. Assoc., LLC*, 125 AD3d 808, 810 [2015]; *Backiel v Citibank*, 299 AD2d 504, 505 [2002]), on the facts of this case, the Soccer Club, as a licensee not exercising control, owed no such duty (*cf. Gibbs v Port Auth. of N.Y.*, 17 AD3d 252, 254 [2005]; *compare Stevenson v Saratoga Performing Arts Ctr., Inc.*, 115 AD3d 1086, 1087 [2014]).

The School District also was entitled to summary judgment dismissing the complaints and the cross claims for contribution and common-law indemnification insofar as asserted against it. The School District established, prima facie, that it did not create or have actual or constructive notice of the alleged dangerous condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). In opposition, the plaintiffs and the codefendants failed to raise a triable issue of fact.

Further, the Soccer Club was entitled to summary judgment dismissing the cross claims for contractual indemnification insofar as asserted against it. "A contract that provides for indemnification will be enforced as long as the intent to assume such a role is 'sufficiently clear and unambiguous' " (*Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 274 [2007], quoting *Rodrigues v N & S Bldg. Contrs., Inc.*, 5 NY3d 427, 433 [2005]). Here, however, any intent for the Soccer Club to assume the role of indemnifying AI is not sufficiently clear and unambiguous. No triable issue of fact was raised in opposition to the Soccer Club's prima facie showing of its entitlement to judgment as a matter of law with respect to these cross claims. Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.