▮ YASIR RAJA, Appellant, v BIG GEYSER, INC., Respondent, et al., Defendant. [42 NYS3d 288]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Walker, J.), dated May 29, 2015, as granted that branch of the motion of the defendant Big Geyser, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when the vehicle that he was operating was struck by a truck operated by the defendant Andre Cruz and owned by Cruz's employer, nonparty Dynasty Distributors, Inc. (hereinafter Dynasty). In a prior personal injury action commenced by the plaintiff against Dynasty, the Supreme Court, Kings County, by order dated February 14, 2013, granted the plaintiff's motion for summary judgment against Dynasty on the issue of liability. Thereafter, on June 28, 2013, the plaintiff commenced this action against Cruz and the defendant Big Geyser, Inc. (hereinafter Big Geyser), a "master distributor" that had a "distributor

agreement" with Dynasty. The plaintiff alleged, inter alia, that at the time of the accident, Cruz was an employee of Big Geyser.

Big Geyser moved, inter alia, for summary judgment dismissing the complaint. The Supreme Court granted the motion and the plaintiff appeals.

"The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (*Rosenberg v Equitable Life Assur. Socy. of U.S.*, 79 NY2d 663, 668 [1992]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]). "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Lazo v Mak's Trading Co.*, 84 NY2d 896, 897 [1994]; *Barak v Chen*, 87 AD3d 955, 957 [2011]). "[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship" (*Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]).

Big Geyser demonstrated its prima facie entitlement to judgment as a matter of a law by establishing that Cruz was not its employee (*see Lazo v Mak's Trading Co.*, 84 NY2d at 897; *Barak v Chen*, 87 AD3d at 957). The proof submitted in support of the motion established, inter alia, that Cruz was employed by Dynasty, that Dynasty was the owner of the truck, and that Dynasty maintained a workers' compensation policy for its employees and a motor vehicle insurance policy for the truck. Further, Big Geyser was not responsible for the truck's maintenance, Big Geyser had no control over Dynasty's hiring practices, and Dynasty's employees did not wear uniforms identifying them as employees of Big Geyser. While the proof also established that the distributor agreement designated a limited geographical area in which Dynasty could distribute Big Geyser's products and provided Big Geyser with some control over the storage and cleanliness of Dynasty's truck, these facts are insufficient to create a triable issue of fact as to whether Cruz was Big Geyser's employee (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d at 726; *Barak v Chen*, 87 AD3d

at 957). We note that the plaintiff does not raise, on appeal, the issue of whether the accident was due to any alleged negligent repair or maintenance of the truck on the part of Big Geyser.

In opposition, the plaintiff failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted that branch of Big Geyser's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.