■ Veronica Castro-Quesada, Respondent, v Isabel Tuapanta, Also Known as Isabel Janina Tuapanta and Another, et al., Defendants, and Church Ave. Car Service, Inc., Appellant. [49 NYS3d 757]—

In an action to recover damages for personal injuries, the de-

fendant Church Ave. Car Service, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (King, J.), dated June 25, 2015, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Church Ave. Car Service, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

The plaintiff allegedly was injured when she was a passenger in a for-hire vehicle driven by the defendant Isabel Tuapanta, also known as Isabel Janina Tuapanta, also known as Isabel Janina Toapanta (hereinafter Tuapanta), and owned by the defendant Faisal Hanif. The plaintiff commenced this action to recover damages from Tuapanta and Hanif, as well as from their alleged employer, the defendant Church Ave. Car Service, Inc. (hereinafter Church Ave). Church Ave moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was not vicariously liable for any negligence on the part of Tuapanta or Hanif because they were independent contractors, not its employees. The Supreme Court denied that branch of Church Ave's motion which was for summary judgment dismissing the complaint insofar as asserted against it, and Church Ave appeals.

"Broadly speaking, an employee is someone who works for another subject to substantial control, not only over the results produced but also over the means used to produce the results. A person who works for another subject to less extensive control is an independent contractor" (*Matter of O'Brien v Spitzer*, 7 NY3d 239, 242 [2006]). The critical inquiry in determining whether an employment relationship exists " 'pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results. Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule' " (*Barak v Chen*, 87 AD3d 955, 957 [2011], quoting *Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 623 [2011]).

Here, Church Ave established, prima facie, that Tuapanta and Hanif were independent contractors, not its employees. The evidence submitted by Church Ave showed that it is a licensed livery base station in the business of dispatching for-

hire vehicles. Specifically, Church Ave receives calls from customers seeking transportation services and then dispatches such calls to drivers of vehicles affiliated with it. Church Ave further demonstrated that it does not own the vehicles to which it dispatches calls and that it does not provide any services to drivers other than transmitting a customer's request for transportation services. Drivers are responsible for their own schedules, choosing when to turn on their two-way radios and deciding which dispatches to accept. Drivers are free to provide their services to other car services and they retain all of the monies paid by the customers. Drivers pay Church Ave $100 per week to use the service. Church Ave does not provide a salary to the drivers, nor does it provide them with any tax forms. Drivers are also responsible for maintaining their own insurance. There were no written agreements or meetings between the drivers and Church Ave, nor did Church Ave provide any manuals, policies, or procedures for the drivers outside of establishing prices. Under these circumstances, Church Ave established, prima facie, that it did not exercise sufficient control to give rise to liability under the doctrine of respondeat superior (*see Barak v Chen*, 87 AD3d at 957; *Abouzeid v Grgas*, 295 AD2d 376, 377-378 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether Church Ave is vicariously liable for the alleged actions of Tuapanta and Hanif.

The plaintiff's remaining contentions are without merit.

Accordingly, the Supreme Court should have granted that branch of Church Ave's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.