GOLDY WEINFELD, Appellant, v HR PHOTOGRAPHY, INC., Respondent, et al., Defendant. (And a Third-Party Action.) [52 NYS3d 458]—

Appeal from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated December 23, 2014. The order granted the motion of the defendant HR Photography, Inc., for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiff's cross motion for summary judgment on the issue of the vicarious liability of the defendant HR Photography, Inc.

Ordered that the order is affirmed, with costs.

On November 29, 2006, the plaintiff attended a wedding reception as a guest. The defendant HR Photography, Inc. (hereinafter HR), was hired to render photography and videography services at the wedding, and HR hired the defendant Vladimir Kataiev for the videography services. HR had never previously used Kataiev's services. The plaintiff alleges that at the wedding, Kataiev negligently knocked her to the ground with his video equipment, causing her to sustain injuries. The plaintiff commenced this action against HR, among others, and asserted that Kataiev was an employee of HR and that HR was vicariously liable for Kataiev's negligence. The plaintiff also asserted causes of action against HR alleging negligent hiring, negligent retention, and negligent supervision.

HR moved for summary judgment dismissing the complaint insofar as asserted against it, contending that Kataiev was an independent contractor. The plaintiff cross-moved for summary judgment on the issue of whether HR may be held vicariously liable for Kataiev's negligence. The Supreme Court granted HR's motion, concluding that Kataiev was an independent contractor and that there was no evidence that HR was negligent in hiring, supervising, or retaining Kataiev. The Supreme Court denied the plaintiff's cross motion. The plaintiff appeals.

"The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668 [1992]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or

the means used to achieve the results. Control over the means is the more important consideration" (*Abouzeid v Grgas*, 295 AD2d 376, 377 [2002]). "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (*Bynog v Cipriani Group*, 1 NY3d 193, 198 [2003]; *see Lazo v Mak's Trading Co.*, 84 NY2d 896, 897 [1994]; *Barak v Chen*, 87 AD3d 955, 957 [2011]). " '[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship' " (*Raja v Big Geyser, Inc.*, 144 AD3d 1123, 1124 [2016], quoting *Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]).

Here, HR demonstrated, prima facie, that Kataiev was hired as an independent contractor. The transcripts of the deposition testimony submitted in support of HR's motion established that HR hired Kataiev only for the wedding, that HR did not provide Kataiev with health insurance, that HR did not provide Kataiev with a W-2 form, that Kataiev used his own equipment at the wedding, that HR paid Kataiev in cash, and that HR did not withhold Social Security taxes or employment taxes from the money paid to Kataiev (*see Belt v Girgis*, 55 AD3d 645, 646 [2008]; *Gfeller v Russo*, 45 AD3d 1301, 1303 [2007]; *Gagen v Kipany Prods., Ltd.*, 27 AD3d 1042, 1043-1044 [2006]). Additionally, the evidence submitted by HR demonstrated, prima facie, that HR exercised only minimal or incidental control over Kataiev's work (*see Wecker v Crossland Group, Inc.*, 92 AD3d 870, 871 [2012]; *Barak v Chen*, 87 AD3d at 957; *Fernandez v 707, Inc.*, 85 AD3d 539 [2011]; *Chuchuca v Chuchuca*, 67 AD3d 948, 950 [2009]; *Metling v Punia & Marx*, 303 AD2d 386, 388 [2003]). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted that branch of HR's motion which was for summary judgment dismissing the cause of action alleging that HR was vicariously liable for Kataiev's negligence. For the same reasons, the court also properly denied the plaintiff's cross motion for summary judgment on the issue of HR's vicarious liability.

The Supreme Court also properly granted that branch of HR's motion which was for summary judgment dismissing the causes of action alleging negligent hiring, negligent retention, and negligent supervision insofar as asserted against it. "To hold a party liable under theories of negligent hiring, negligent

retention, and negligent supervision, a plaintiff must establish that the party knew or should have known of the contractor's propensity for the conduct which caused the injury" (*Bellere v Gerics*, 304 AD2d 687, 688 [2003]; *see Schiffer v Sunrise Removal, Inc.*, 62 AD3d 776, 779 [2009]). HR demonstrated, prima facie, that it did not know and that it did not have reason to know of any propensity on the part of Kataiev to engage in the conduct that allegedly caused the accident (*see Nelson v E&M 2710 Clarendon LLC*, 129 AD3d 568, 569 [2015]; *Liberty Mut. Fire Ins. Co. v Akindele*, 65 AD3d 673, 674 [2009]; *Bellere v Gerics*, 304 AD2d at 688). In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, this branch of HR's motion was not premature, as the plaintiff failed to demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to this branch of the motion were exclusively within the knowledge and control of HR (*see Morales v Amar*, 145 AD3d 1000, 1003 [2016]; *Oppedisano v Arnold*, 143 AD3d 873, 875 [2016]; *Dennis v City of New York*, 304 AD2d 611, 611-613 [2003]).

Accordingly, the Supreme Court properly granted HR's motion for summary judgment dismissing the complaint insofar as asserted against it, and properly denied the plaintiff's cross motion for summary judgment on the issue of HR's vicarious liability. Rivera, J.P., Roman, Miller and Duffy, JJ., concur.