Glazier v Harris (2018 NY Slip Op 02025)





Glazier v Harris


2018 NY Slip Op 02025


Decided on March 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2018

Renwick, J.P., Manzanet-Daniels, Kahn, Kern, Singh, JJ.


6085 103482/10

[*1]William Glazier, et al., Plaintiffs-Respondents-Appellants,
v
Lyndon Harris, et al., Defendants-Appellants-Respondents, Robert A. Rimbo, et al., Defendants-Respondents.


Satterlee Stephens LLP, New York (Michael H. Gibson of counsel), for appellant-respondents.
Rubert & Gross, P.C., New York (Soledad Rubert of counsel), for respondents-appellants.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Robert A. Rimbo and the Metropolitan New York Synod-Evangelical Lutheran Church in America, respondents.
Lynch & Lynch, Garden City (Charlene I. Lund of counsel), for Mark S. Sisk and the Episcopal Diocese of New York, respondents.



Order, Supreme Court, New York County (George J. Silver, J.), entered June 20, 2016 which granted defendants Mark S. Sisk and Episcopal Diocese of New York's and defendants Robert Rimbo and Metropolitan New York Synod-Evangelical Lutheran Church in America's motions for summary judgment dismissing the complaint as against them, and denied defendants Lyndon Harris and St. John's Lutheran Church's motion for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Plaintiffs allege that defendant Harris made defamatory statements about them at a retreat of members of defendant St. John's Lutheran Church council. Issues of fact exist as to whether Harris acted with constitutional malice, i.e., whether he made the statements knowing that they were false or recklessly disregarding whether they were false, so as to overcome the qualified privilege that undisputedly attaches to the statements (see Present v Avon Prods. , 253 AD2d 183, 188 [1st Dept 1999], lv dismissed 93 NY2d 1032 [1999]). There is evidence that casts doubt upon Harris's account of a meeting he had with a parishioner, which lies at the heart of the case against him. Harris claims that his statements at the retreat were limited to the (undisputed and non-defamatory) fact that plaintiffs had been named as beneficiaries of the parishioner's will. Affidavits by two attendees at the church council retreat say otherwise; the affiants say that Harris asserted that plaintiffs exercised undue influence over Jaffe and that they behaved immorally.
Plaintiffs failed to raise an issue of fact as to common-law malice since the record shows that Harris's statements were made, at least in part, to further the interest protected by the qualified privilege, i.e., the well-being of St. John's and Harris's self-interest (see Liberman v Gelstein , 80 NY2d 429, 439 [1992]; Stukuls v State of New York , 42 NY2d 272, 279 [1977]). That Harris may also have harbored a degree of ill will toward plaintiffs is immaterial.
The record demonstrates conclusively that defendants Sisk and Episcopal Diocese of New York and Rimbo and Metropolitan New York Synod-Evangelical Lutheran Church in America cannot be held liable for Harris's alleged defamatory statements under the doctrine of respondeat superior because they did not exercise the requisite control over Harris (see Abouzeid v Grgas , 295 AD2d 376 [2d Dept 2002]). Contrary to plaintiffs' contention, there is nothing in the record [*2]that shows that, in engaging in the conduct at issue, Harris was acting with these defendants' involvement or approval (cf. Cantrell v Forest City Publ. Co. , 419 US 245 [1974] [editor who approved idea for magazine article could be held vicariously liable for damage caused by knowing falsehoods in the article]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 22, 2018
DEPUTY CLERK