Shusterich v Kleinman (2019 NY Slip Op 03098)





Shusterich v Kleinman


2019 NY Slip Op 03098


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2016-10346
 (Index No. 8966/14)

[*1]Patricia Shusterich, et al., plaintiffs-appellants- respondents 
v
Aaron Kleinman, et al., defendants third-party plaintiffs-respondents-appellants, , et al, defendant; David Young Park, third-party defendant-respondent.


Abbott Bushlow & Schechner, LLP, Ridgewood, NY (Bruce E. Bushlow and Matthew A. Kaplan of counsel), for plaintiffs-appellants-respondents.
Jacobson & Schwartz, LLP, Jericho, NY (Henry J. Cernitz of counsel), for defendants third-party plaintiffs-respondents-appellants.
Gialleonardo, Frankini & Harms, Mineola, NY (James R. Pieret of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs and the defendants third-party plaintiffs separately appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered August 5, 2016. The order granted that branch of the motion of the third-party defendant which was for summary judgment dismissing the third-party complaint and all claims asserted against him.
ORDERED that the order is affirmed, with one bill of costs.
Patricia Shusterich (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell on the raised portion of a sidewalk abutting real property owned by the defendants third-party plaintiffs Aaron Kleinman and Tispora Kleinman (hereinafter together the defendants). The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries. The defendants commenced a third-party action against David Young Park, the owner of adjacent property, for contribution and indemnification, alleging that the accident was caused by negligent sidewalk repair work performed by Park. The plaintiffs filed an amended complaint asserting a direct cause of action against Park.
Park moved for summary judgment in his favor, and the plaintiffs and the defendants opposed his motion. The Supreme Court granted Park's motion, and the plaintiffs and the defendants separately appeal.
Here, Park had no independent duty to maintain the area where the accident occurred, since the area did not abut his property, and even if it did, he was exempt from statutory liability under Administrative Code of the City of New York § 7-210(c) because his property was a single-family home occupied by him and his immediate family.
Park also established, prima facie, that he was not liable for creating the defect. " As [*2]a general rule, one who hires an independent contractor may not be held liable for the independent contractor's negligent acts'" (Stanton v Oceanside Union Free Sch. Dist., 140 AD3d 731, 733-734, quoting Sanchez v 1710 Broadway, Inc., 79 AD3d 845, 846). The determination of whether a worker is an independent contractor or an employee for purposes of tort liability " turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results'" (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1014-1015, quoting Abouzeid v Grgas, 295 AD2d 376, 377). "Factors relevant to assessing control include whether a worker (1) worked at [her or] his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule" (Nachman v Koureichi, 165 AD3d 818, 820).
Here, Park established, prima facie, that the allegedly negligent sidewalk repair work was performed by an independent contractor (see Weinfeld v HR Photography, Inc., 149 AD3d at 1015; Castro-Quesada v Tuapanta, 148 AD3d 978, 979-980). Park averred in his affidavit that he had hired a contractor to do some repair work for, among other things, one of his bathrooms, and that the contractor "took it upon himself" to repair the sidewalk, which Park never requested or paid for. Likewise, at his deposition, Park testified that he never instructed the contractor to repair the sidewalk or had any discussions with the contractor about the sidewalk repair. In opposition to Park's prima facie showing, the plaintiffs and the defendants failed to raise a triable issue of fact as to whether Park exercised any control over the sidewalk repair work, or as to the applicability of any of the exceptions to the general rule of nonliability for the negligent acts of an independent contractor (see Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668; Hill v City of New York, 151 AD3d 1032, 1033; Miller v Infohighway Communications Corp., 115 AD3d 713, 716).
Accordingly, we agree with the Supreme Court's determination granting Park's motion.
MASTRO, J.P., ROMAN, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court