Constantine v City of New York (2020 NY Slip Op 06238)





Constantine v City of New York


2020 NY Slip Op 06238


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-02750
 (Index No. 2809/13)

[*1]Costas Constantine, appellant, 
v
City of New York, et al., defendants, Purolator U.S.A., Inc., et al., respondents.


Meltzer, Fishman, Madigan & Campbell, New York, NY (Edward J. Madigan of counsel), for appellant.
Goetz Schenker Blee & Wiederhorn, LLP, New York, NY (Lisa De Lindsay of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated January 15, 2019. The order granted the motion of the defendants Purolator U.S.A., Inc., and Purolator International, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured after falling off a metal plate attached to a loading dock at the Brooklyn Navy Yard. According to the plaintiff, the metal plate had been connected to the back of a truck and fell out from underneath him when that truck unexpectedly began to drive away from the loading dock. The driver of the truck was never identified. The plaintiff commenced this personal injury action against the defendants Purolator U.S.A., Inc., and Purolator International, Inc. (hereinafter together the Purolator defendants), and others, alleging, among other things, that the truck which pulled away from the loading dock was owned by the Purolator defendants, and that they were vicariously liable for the alleged negligent acts of the driver.
The Purolator defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they did not own the truck or employ the driver. In an order dated January 15, 2019, the Supreme Court granted the Purolator defendants' motion. The plaintiff appeals.
"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting in furtherance of the employer's business and within the scope of his or her employment" (Brandford v Singh, 136 AD3d 726, 727; see Doe v Guthrie Clinic, Ltd., 22 NY3d 480, 484). However, "an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668; see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 257). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. [*2]Control over the means is the more important consideration" (Abouzeid v Grgas, 295 AD2d 376, 377; see Matter of Ted Is Back Corp. [Roberts], 64 NY2d 725, 726).
Here, the Purolator defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they did not own the truck alleged to have caused the plaintiff's injuries and that there was no employment relationship between them and the driver of that truck (see Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015). The evidence submitted demonstrated that the driver of the truck could not have been a direct employee of the Purolator defendants, and, at best, might have been employed by an independent contractor, and that the Purolator defendants did not exercise the requisite control over the driver (see McHale v Metropolitan Life Ins. Co., 165 AD3d 914, 916-917; Weinfeld v HR Photography, Inc., 149 AD3d at 1015). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant the motion of the Purolator defendants for summary judgment dismissing the complaint insofar as asserted against them.
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court