Fernandez v Conklin (2020 NY Slip Op 07168)





Fernandez v Conklin


2020 NY Slip Op 07168


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE, JJ.


2019-08245
 (Index No. 1634/16)

[*1]Daniel N. Fernandez, respondent, 
v
Earl E. Conklin, et al., defendants, Local Media Group, Inc., appellant.


Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Ross P. Masler], of counsel), for appellant.
Patrick S. Owen, PLLC, Middletown, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Local Media Group, Inc., appeals from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated April 29, 2019. The order, insofar as appealed from, denied the motion of the defendant Local Media Group, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Earl E. Conklin, Publishers Circulation Fulfillment, Inc., and Local Media Group, Inc. (hereinafter the defendant), to recover damages for personal injuries. The plaintiff alleged that he was struck and injured by a vehicle operated by Conklin, who had just completed delivering the defendant's newspapers on the morning of October 17, 2013. The plaintiff sought to recover damages from the defendant pursuant to the doctrine of respondeat superior. The defendant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it on the ground that it was not Conklin's employer. In an order dated April 29, 2019, the Supreme Court, inter alia, denied the motion. The defendant appeals. We affirm.
"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment. Conversely, the general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623). "The critical inquiry in determining whether an employment relationship exists 'pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results. Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule'" (Castro-Queseada v Tuapanta, 148 AD3d 978, 979, quoting Barak v Chen, 87 AD3d 955, 957 [internal quotation marks omitted]). "The fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive" (Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516, 518). Here, the defendant failed to establish, prima facie, that it had no relationship with Conklin or that Conklin was an [*2]independent contractor (see Galvan v Robinson, 50 AD3d 954, 955; Lane v Lyons, 277 AD2d 428, 428). We therefore agree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
MASTRO, J.P., LEVENTHAL, HINDS-RADIX and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court